**Conrad J. BLESSING, II, and Nancy Shoemaker [Real Property, 939 Teetshorn Street], Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 01–95–00251–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 1, 1996.

Marjorie A. Meyers, Robert C. Bennett, Houston, for Appellant.

John B. Holmes, Alan Curry, Luci Davidson, Houston, for Appellee.

Before MIRABAL and WILSON,* JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from a judgment of forfeiture of real estate that was used in the commission of a felony under the Texas Controlled Substances Act.[1] Appellants, Conrad J. Blessing, II, and Nancy Shoemaker, claim the forfeiture judgment violates the double jeopardy clauses of the U.S. and Texas constitutions. We affirm.

The parties stipulated to the following facts: On April 14, 1993, a valid search warrant was executed on the real property at 939 Teetshorn in Houston, and peace officers recovered in excess of 26 pounds of marihuana from a chest freezer in the house. On the same day, appellant Conrad Blessing was arrested when his 1988 truck was pulled over; he was transporting 177 pounds of marihuana. The total street value of the marihuana confiscated was $150,000.

The parties further stipulated that "these facts are sufficient for the fact-finder to conclude that the real property at 939 Teetshorn, Harris County, Texas, was used to store marihuana in amounts constituting a felony."

On August 25, 1993, Blessing pled guilty to the offense of possession of marihuana, and on December 13, 1993, he was sentenced to 15-years confinement. It was stipulated that this sentence was based on the fact that Blessing possessed marihuana at the house at 939 Teetshorn.

After Blessing had pled guilty, but before sentencing, the State, through an agreed judgment with Blessing, took judgment forfeiting the 1988 truck and $23,300 in currency, $20,000 of which Blessing claimed no possessory rights or ownership interest in. Then, on September 15, 1993, the State filed a "Notice of Seizure and Intended Forfeiture" in the present case, seeking forfeiture of the real property at 939 Teetshorn as contraband. A third forfeiture action was later filed on October 8, 1993, seeking forfeiture of the chest freezer that was used for the purpose of storing marihuana; that case was consolidated with the current case.[2]

After an evidentiary hearing, the trial court entered judgment that the real property at 939 Teetshorn "is contraband and is forfeited" to the State. The trial court filed findings of fact and conclusions of law that included the following conclusion: the real property at 939 Teetshorn was "used in the commission of or intended to be used in the commission of a felony under the Texas Controlled Substances Act," and thus was contraband. On appeal, appellants[3] do not challenge this conclusion. In their brief, appellants specifically state that "[a]ppellants do not dispute that the property was used in the commission of a drug felony."

In their fourth and fifth points of error, appellants assert that forfeiture of the real property, after Blessing was convicted on the basis of the same offense, violates the double jeopardy clauses of the United States and Texas Constitutions. U.S. CONST. amend. V; TEX. CONST. art. I, § 14.

---

* Former Chief Justice Oliver–Parrott sat for oral argument, but did not participate in the opinion.

1. TEX. HEALTH & SAFETY CODE ANN. § 481 (Vernon Supp.1996).

2. Appellants do not appeal the forfeiture of the freezer.

3. Nancy Shoemaker was named, along with Blessing, in the State's petition as an owner and possessor of 939 Teetshorn, and she filed an answer. However, the final judgment states that "Nancy Shoemaker expresses no interest in the property made the subject of this suit." No complaint is made on appeal about this recitation in the judgment. However, Nancy Shoemaker is named as an appellant in the "Notice of Deposit of Cash in Lieu of Cost Bond" and in the briefs.

■ Conceptually, the State and Federal double jeopardy provisions are identical. *Stephens v. State*, 806 S.W.2d 812, 815 (Tex. Crim.App.1990), *cert. denied*, 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Phillips v. State*, 787 S.W.2d 391, 393 n. 2 (Tex. Crim.App.1990). The double jeopardy clause of the United States Constitution protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). This case involves the third of these protections. The Texas Constitution also provides protection from multiple punishments for the same offense. *Phillips*, 787 S.W.2d at 393 n. 2.

This case is controlled by the recent United States Supreme Court opinion in *United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), which held that civil *in rem* forfeitures pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(7) are not "punishment" for purposes of the Double Jeopardy Clause. *See also Romero v. State*, 927 S.W.2d 632, 634 (Tex.1996).

In *Ursery*, police found marihuana growing adjacent to Guy Ursery's house, and discovered seeds, stems, stalks, and a growlight within the house. The United States instituted civil forfeiture proceedings against the house, alleging the property was subject to forfeiture under 21 U.S.C. § 881(a)(7) because it had been used for several years in the commission of the unlawful processing and distribution of a controlled substance. *Ursery*, —— U.S. at ——, 116 S.Ct. at 2139. Ursery paid the United States $13,250 to settle the forfeiture claim in full, and shortly before the settlement was consummated, the United States indicted Ursery for the offense of manufacturing marihuana. Ursery was convicted, and he appealed, claiming the conviction violated his rights under the Double

Jeopardy Clause of the U.S. Constitution. *Id.*

In the present case, we are dealing with a forfeiture statute similar to the statute involved in *Ursery*. Title 21 U.S.C. § 881(a)(7), under which Ursery's property was forfeited, provides for the forfeiture of "all real property ... which is used or intended to be used, in any manner or part, to commit, or to facilitate the commission of" a federal drug felony. The Texas Code of Criminal Procedure provides: "Property that is contraband is subject to seizure and forfeiture under this chapter." TEX.CODE CRIM. PROC. ANN. art. 59.02(a) (Vernon Supp.1996). "Contraband" is defined as "property of any nature, including real [estate] ... that is ... used or intended to be used in the commission of any felony under chapter 481, Health and Safety Code (Texas Controlled Substances Act)." TEX.CODE CRIM. PROC. ANN. art. 59.01(2)(B)(i) (Vernon Supp.1996).

■ In *Ursery*, the Court stated that it is well-settled that "Congress may impose both a criminal and a civil sanction in respect to the same act or omission." *Ursery*, —— U.S. at ——, 116 S.Ct. at 2149 (citing *Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938)). After discussing at length the facts and holdings of *Halper*,[4] *Austin*,[5] *and Kurth Ranch*,[6] the Court stated:

> In sum, nothing in *Halper, Kurth Ranch*, or *Austin*, purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause. Congress long has authorized the Government to bring parallel criminal proceedings and civil forfeiture proceedings, and this Court consistently has found civil forfeitures not to constitute punishment under the Double Jeopardy Clause. It would have been quite remarkable for this Court both to have held unconstitutional a well-established practice, and to have overruled a long line of precedent, without having even suggested that it was doing so. *Halper* dealt with *in personam* civil penalties

4. *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

5. *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).

6. *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

under the Double Jeopardy Clause; *Kurth Ranch* with a tax proceeding under the Double Jeopardy Clause; and *Austin* with civil forfeitures under the Excessive Fines Clause. None of those cases dealt with the subject of this case: *in rem* civil forfeitures for purposes of the Double Jeopardy Clause.

*Id.* at ——, 116 S.Ct. at 2147. The Court then stated a two-prong test for determining whether a civil *in rem* forfeiture is "punishment" for double jeopardy purposes. The first prong of the test is to ask whether the legislature intended proceedings under the forfeiture statute to be criminal or civil. Second, the court should consider whether the proceedings are so punitive in fact as to "persuade us that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature," despite the legislature's intent. *Id.* (citing *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 366, 104 S.Ct. 1099, 1107, 79 L.Ed.2d 361 (1984)); *Romero,* 927 S.W.2d at 634.

 It is well settled that a civil forfeiture proceeding under chapter 59 of the Texas Code of Criminal Procedure is an *in rem* proceeding. *$191,452.00 v. State,* 827 S.W.2d 430, 433 (Tex.App.—Corpus Christi 1992, writ denied); *Fleming v. State,* 704 S.W.2d 530, 531 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e); *see Ex parte Rogers,* 804 S.W.2d 945, 948 (Tex.App.—Dallas 1990, no pet.). While there are provisions for naming an owner, interest holder, or possessor as a party to the forfeiture proceeding, a civil forfeiture under chapter 59 can still take place in the absence of such an owner, interest holder, or possessor. *See* TEX.CODE CRIM. PROC. ANN. art. 59.04(k) (Vernon Supp. 1996).

 Further, it appears that the Texas Legislature intended forfeitures under TEX. CODE CRIM. PROC. ANN. art. 59.01 et seq. (Vernon Supp.1996) to be civil proceedings. Article 59.05(b) provides that all parties must comply with the rules of pleading as required in civil suits and that "all cases ... shall proceed to trial in the same manner as in other civil cases." The statute sets the burden of proof as a preponderance of the evidence and states that it is the intention of the legislature that asset forfeiture is remedial in nature and not a form of punishment. TEX. CODE CRIM. PROC. ANN. art. 59.05(b), (e)(Vernon Supp.1996). By creating distinctly civil procedures throughout Article 59, the legislature has indicated its intent to make asset forfeiture a civil, not criminal sanction.

Next we must determine whether the proceedings are so punitive in form and effect as to render them criminal, despite legislative intent to the contrary. The Supreme Court stated in *Ursery* that there was little evidence, much less the "clearest proof" that the forfeiture was a criminal penalty. In analyzing the federal statute, the Court found it most significant that although having certain punitive aspects, section 881(a)(7) serves important nonpunitive goals. For example, an important nonpunitive goal is that "requiring forfeiture of property used to commit [ ] narcotics violations encourages property owners to take care in managing their property and ensures that they will not permit that property to be used for illegal purposes." *Ursery,* —— U.S. at ——, 116 S.Ct. at 2148 (citing *Bennis v. Michigan,* —— U.S. ——, ——, 116 S.Ct. 994, 1000, 134 L.Ed.2d 68 (1996)). Such an economic penalty is intended to render illegal behavior unprofitable.

As previously noted, the Texas forfeiture statute is very similar to the federal statute. It serves the same important nonpunitive goals as the federal statute, and therefore the proceedings are not so punitive in form as to render them criminal.

We conclude that, under *Ursery,* the forfeiture of the real estate in this case was not "punishment" for the purposes of the Double Jeopardy Clause. Accordingly, we overrule appellants' fourth and fifth points of error.

We do not reach the merits of points of error one through three, because they have become moot by our disposition of points of error four and five.

We affirm the judgment.