**Jennifer Lynn PREAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00316–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 25, 1996.

---

Brook A. Busbee, Dallas, for appellant.

Pamela Sullivan Berdanier, Assistant District Attorney, Dallas, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

In this appeal, we consider whether double jeopardy barred Jennifer Lynn Prear's prosecution for possession of a controlled substance after the State obtained a forfeiture arising from the same transaction. Because we find that civil forfeiture is not punishment for purposes of double jeopardy, we affirm.

### Summary of Facts

The State charged Prear with possession of a controlled substance and initiated forfeiture proceedings under chapter 59 of the Texas Code of Criminal Procedure for property seized when Prear was arrested. Dur-

ing the pendency of the criminal case, Prear entered an agreed judgment in the forfeiture proceeding. One pager and $300 were returned to Prear; but she forfeited $2,437, two firearms, two cellular phones, and one scale.[1]

■ The trial court denied Prear's oral special plea in bar based on double jeopardy. Thereafter, the trial court accepted Prear's guilty plea and sentenced her in the absence of a plea bargain to five years confinement plus a $1,000 fine. Prear appealed;[2] and, in one point of error, she contends the trial court erred in denying her special plea.

### Discussion

■ Relying upon *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), Prear claims that her criminal prosecution attempts to punish the same conduct that was punished by the civil forfeiture. We disagree, although we assume, without deciding, that the conduct constitutes the "same offense." *See Ex parte Avilez,* 929 S.W.2d 677, 678 (Tex.App.—San Antonio, no pet. h.).

■ The Double Jeopardy Clause provides that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V. The Double Jeopardy Clause does not prohibit both a criminal and civil sanction for the same act or omission, but it does prohibit "attempting a second time to punish criminally." *Halper,* 490 U.S. at 442, 109 S.Ct. at 1899; *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 359, 104 S.Ct. 1099, 1103, 79 L.Ed.2d 361, 366

(1984). Because article I, section 14 of the Texas Constitution provides no greater protection than its federal counterpart, we decline to separately analyze Prear's state constitutional claim. *See Stephens v. State,* 806 S.W.2d 812, 815 (Tex.Crim.App.1990), *cert. denied,* 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Ex parte Williamson,* 924 S.W.2d 414, 415 n. 4 (Tex.App.—San Antonio 1996, pet. filed); *Ex parte Cantu,* 913 S.W.2d 701, 706 & n. 5 (Tex.App.—San Antonio 1995, pet. ref'd).[3]

Prear's appeal is controlled by the recent United States Supreme Court decision in *United States v. Ursery,* 518 U.S. ——, ——, 116 S.Ct. 2135, 2147, 135 L.Ed.2d 549 (1996), which reaffirmed the Court's "traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." *See also Romero v. State,* 927 S.W.2d 632, 634–35 (Tex.1996) (acknowledging *Ursery* but declining to review Texas's civil forfeiture proceedings); *Ex parte Baucom,* 928 S.W.2d 748, 752 (Tex. App.—Beaumont 1996, no pet. h.) (applying *Ursery* to forfeitures under chapter 59 of the Texas Code of Criminal Procedure); *Blessing v. State,* 927 S.W.2d 310, 312 (Tex.App.— Houston [1st Dist.] 1996, no pet. h.) (same).

*Ursery* involved two consolidated appeals. In the first case, police found marijuana growing next to Guy Ursery's house. *Ursery,* —— U.S. at ——, 116 S.Ct. at 2138. Because the house had been used to facilitate the unlawful processing and distribution of a controlled substance, the United States instituted forfeiture proceedings against it pursuant to 21 U.S.C. § 881(a)(7).[4] *Ursery,* —— U.S. at ——, 116 S.Ct. at 2139. Although Ursery paid $13,250 to settle the forfeiture

---

1. Because the State agrees with Prear's factual assertions, we do not address the sufficiency of the appellate record. *See Rodriguez v. State,* 919 S.W.2d 136, 139 (Tex.App.—San Antonio 1995, pet. ref'd); *Elwell v. State,* 872 S.W.2d 797, 799 (Tex.App.—Dallas 1994, no pet.).

2. When the appellant pleads guilty without an agreed punishment recommendation, we have jurisdiction over the appellant's double jeopardy claims. *Duron v. State,* 915 S.W.2d 920, 921 (Tex.App.—Houston [1st Dist.] 1996, pet. filed); *see also Jacobs v. State,* 823 S.W.2d 749, 750 (Tex.App.—Dallas 1992, no pet.).

3. Additionally, the state constitutional claim is waived when the appellant, like Prear, does not provide separate argument or authority explaining how the state provision differs from the federal Double Jeopardy Clause. *Flores v. State,* 906 S.W.2d 133, 140 (Tex.App.—San Antonio 1995, no pet.).

4. This statute is the federal analog to chapter 59 of the Texas Code of Criminal Procedure. *Ex parte Camara,* 893 S.W.2d 553, 555 n. 5 (Tex. App.—Corpus Christi 1994, pet. filed).

claim, he was indicted and convicted for manufacturing marijuana. *Id.* In the second appeal, Charles Wesley Arlt and James Wren were convicted of conspiracy to launder money and conspiracy to manufacture methamphetamine. *Id.* In a subsequent forfeiture proceeding under 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6), they forfeited property used in these offenses. *Ursery,* — U.S. at ——, 116 S.Ct. at 2139.

The *Ursery* court described *in rem* civil forfeiture as "a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines." *Id.* at ——, 116 S.Ct. at 2142. Accordingly, it found *Halper*'s case-specific approach to civil penalties inapplicable to civil forfeitures. *Id.* at ——, 116 S.Ct. at 2145. Additionally, the court limited *Austin* to cases involving the Excessive Fines Clause of the Eighth Amendment, and it limited its decision in *Department of Revenue v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), to double jeopardy cases involving tax proceedings. *Ursery,* — U.S. at ——, 116 S.Ct. at 2147. We therefore believe Prear's reliance on *Austin* and *Halper* is misplaced.

While the *Ursery* court limited its prior decisions by holding civil forfeitures generally exempt from double jeopardy, it also explained that civil forfeitures were not *per se* excluded from the scope of the Double Jeopardy Clause:

That a forfeiture is designated as civil by Congress and proceeds *in rem* establishes a presumption that it is not subject to double jeopardy. Nevertheless, where the "clearest proof" indicates that an *in rem* civil forfeiture is "so punitive either in purpose or effect" as to be equivalent to a criminal proceeding, that forfeiture may be subject to the Double Jeopardy Clause.

*Ursery,* — U.S. at —— n. 3, 116 S.Ct. at 2148 n. 3 (citing *89 Firearms,* 465 U.S. at 365, 104 S.Ct. at 1106); *see also Romero,* 927 S.W.2d at 634–35.

■ To determine if a forfeiture is punitive for double jeopardy purposes, the court's inquiry is two-fold: "(1) whether the Legislature intended proceedings under the forfeiture statute to be criminal or civil; and (2)

whether the proceedings are so punitive in fact as to persuade us that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite legislative intent." *Romero,* 927 S.W.2d at 635 (citing *Ursery,* — U.S. at ——, 116 S.Ct. at 2147). The question of whether a forfeiture is civil or criminal therefore starts as one of statutory construction. *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438, 443 (1972). When evaluating the statute's punitive effect, we ask (1) whether the sanction involves an affirmative disability or restraint; (2) whether it was historically regarded as punishment; (3) whether it requires *scienter;* and (4) whether it promotes retribution and deterrence more than an alternative purpose. *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644, 660–61 (1963); *see also Ursery,* — U.S. at ——, 116 S.Ct. at 2149 (noting the list is neither exhaustive nor dispositive).

We begin our analysis by comparing chapter 59 of the Texas Code of Criminal Procedure with the statutes at issue in *Ursery.* Regarding 21 U.S.C. § 881 and 18 U.S.C. § 981, the Supreme Court remarked that "procedural mechanisms" clearly demonstrated Congress' intent that the forfeitures be *in rem. Ursery,* — U.S. at ——, 116 S.Ct. at 2147. In particular, both statutes provided that the applicable law would be that of *in rem* seizures, a type of proceeding traditionally viewed as civil in nature. *Id.*

Similarly, "[c]hapter 59 forfeiture actions are generally regarded as civil proceedings." *Ex parte Camara,* 893 S.W.2d 553, 555 (Tex. App.—Corpus Christi 1994, pet. filed). Article 59.05 specifies that "all parties" comply with "rules of pleading as required in *civil* suits" and that "all cases" proceed to trial "in the same manner as in *other civil* cases." TEX.CODE CRIM.PROC.ANN. art. 59.05(a), (b) (Vernon Supp.1996) (emphasis added). We do not find this reference to civil procedure negated by chapter 59's location in the Texas Code of *Criminal* Procedure. *See Ursery,* — U.S. at ——, 116 S.Ct. at 2147 (noting the title of 18 U.S.C. § 981, which is found in the U.S.Code of Criminal Procedure); *contra*

*Ex parte Ariza,* 913 S.W.2d 215, 223 (Tex. App.—Austin 1996, pet. filed).

Like the statutes in *Ursery,* chapter 59 excuses actual notice when the government cannot identify any party with an interest in the seized property. *Compare Ursery,* —— U.S. at ——, 116 S.Ct. at 2147 *with* TEX. CODE CRIM.PROC.ANN. art. 59.04(k) (Vernon Supp.1996) (permitting service by publication). Chapter 59 also defines the burden of proof as a preponderance of the evidence. TEX.CODE CRIM.PROC.ANN. art. 59.05(b) (Vernon Supp.1996). These procedures are distinctly civil and support the traditional understanding that forfeitures under chapter 59 are *in rem* proceedings. *See Blessing,* 927 S.W.2d at 313.

Based on the plain language of chapter 59 and its civil procedural mechanisms, we conclude that the Texas legislature intended forfeitures under chapter 59 to be civil *in rem* proceedings.

As for the second prong of the *Ursery* test, the Supreme Court noted that, historically, *in rem* civil forfeiture is not regarded as punishment. *Ursery,* —— U.S. at ——, 116 S.Ct. at 2149. Chapter 59 restates this general principle: "It is the intention of the legislature that asset forfeiture [be] remedial in nature and not a form of punishment." TEX.CODE CRIM.PROC.ANN. art. 59.05(e) (Vernon Supp.1996). We agree with this assessment.

While the statute is tied to criminal activity, *see* TEX.CODE CRIM.PROC.ANN. art. 59.01(2) (Vernon Supp.1996), this fact alone is insufficient to render the law punitive. *See Ursery,* —— U.S. at ——, 116 S.Ct. at 2149. The link is weaker in this case because chapter 59 addresses a broader range of conduct than does the penal code. *Cf. 89 Firearms,* 465 U.S. at 364–65, 104 S.Ct. at 1106; TEX.CODE CRIM.PROC.ANN. art. 59.01(B) (Vernon Supp. 1996) (including property *intended* to be used in a crime). Plus, the government need not show *scienter* if no party claims an interest in the property. *See Ursery,* —— U.S. at ——, 116 S.Ct. at 2149. Furthermore, although chapter 59 contains defenses for the innocent owner or the victim of family violence, *see* TEX.CODE CRIM.PROC.ANN. art. 59.05(c), (d) (Vernon Supp.1996), these provi-

sions are irrelevant "without more indication of an intent to punish." *See Ursery,* —— U.S. at ——, 116 S.Ct. at 2149; *contra Ex parte Ariza,* 913 S.W.2d at 222.

Chapter 59 serves an important nonpunitive goal by encouraging property owners to carefully manage their property and ensure that it not be used for illegal purposes. *Ursery,* —— U.S. at ——, 116 S.Ct. at 2148; *Blessing,* 927 S.W.2d at 314. "Such an economic penalty is intended to render illegal behavior unprofitable." *Blessing,* 927 S.W.2d at 313. Although the statute serves the purpose of deterrence, "this purpose may serve civil as well as criminal goals." *Ursery,* —— U.S. at ——, 116 S.Ct. at 2149. Chapter 59 reveals its remedial nature by those provisions permitting the proceeds of a forfeiture to be used to aid law enforcement, prevent drug abuse, and treat chemical dependency. TEX.CODE CRIM.PROC.ANN. art. 59.06(c), (h) (Vernon Supp.1996).

We conclude that there is little evidence, must less the "clearest proof," suggesting that forfeitures pursuant to chapter 59 are so punitive in form and effect as to render them criminal.

### Conclusion

We therefore hold, under the two-part test established by *Ursery,* that chapter 59 of the Texas Code of Criminal Procedure is not punitive for purposes of double jeopardy. Accordingly, the trial court did not err in denying Prear's special plea. We affirm the trial court's judgment.