Ex parte Jesus TORRES, Jr.

No. 13–96–175–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 21, 1996.

Rehearing Overruled Jan. 23, 1997.

Fred Jimenez, Corpus Christi, Juan Martinez Gonzales, New Braunfels, for appellant.

Steven E. Reis, District Attorney, Bay City, Robinson C. Ramsey, San Antonio, for state.

Before SEERDEN, C.J., and DORSEY and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

Jesus Torres, Jr. appeals from the denial of habeas corpus relief based on a claim of double jeopardy. We affirm.

In addition to indicting appellant for being in possession of 461.4 pounds of marijuana,

the State separately brought a civil suit for forfeiture of his 1990 white Ford pick-up, a motorola bag phone, Uniden Stalker laser radar detector, Cobra portable CB radio, a pair of binoculars, and a Motorola pager. The State attached to its Notice of Seizure and Intended Forfeiture an affidavit in which a peace officer alleged that he believed the property to be seized was contraband as defined by Article 59.01(2) of the Code of Criminal Procedure,[1] and had been used in the commission of a felony, to wit: aggravated possession of marijuana. The State obtained a Default Order of Forfeiture on the property. The State Comptroller also assessed appellant with a controlled substances tax in the amount of $769,162.80. Appellant then filed a pre-trial application for writ of habeas corpus in which he contended that the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution,[2] Article I, § 14 of the Texas Constitution, and Article 1.10 of the Texas Code of Criminal Procedure [3] barred prosecution of the criminal indictment because he had already been placed in jeopardy through the forfeiture proceedings.

■ Appellant urges for the first time on appeal that the drug tax is punitive and should be considered "punishment" for double jeopardy purposes. The State, however, argues that appellant waived this alleged error by failing to include this theory in his application for writ of habeas corpus. We agree. The record on appeal shows that appellant only urged the forfeiture as the basis for his claim of double jeopardy. His objection at the trial level is different from that urged on appeal. Since appellant failed to preserve this alleged error, we will not consider it in our analysis. *Curry v. State*, 910 S.W.2d 490, 495 (Tex.Crim.App.1995) (to preserve error, the objection on appeal must be the same as the objection that was made at trial); *Wagner v. State*, 687 S.W.2d 303, 306–07 (Tex.Crim.App.1984) (specific objection raised on appeal will not be considered if it varies from the specific objection made at trial).

■ Recently, the United States Supreme Court held that *in rem* civil forfeitures are neither "punishment" nor criminal for purposes of the Double Jeopardy Clause. *U.S. v. Ursery*, —— U.S. ——, ——, 116 S.Ct. 2135, 2149, 135 L.Ed.2d 549 (1996). In *Ursery*, the defendant's house was forfeited after marijuana growing next to his home was found. Police also discovered marijuana seeds, stems, stalks, and a growlight inside the house. Although Ursery settled the forfeiture for $13,250, the government indicted him and obtained a conviction. Ursery appealed on double jeopardy grounds. The Court traced the history of civil forfeitures, stating that it was well settled that Congress could impose both a criminal and civil sanction in respect to the same act or omission, and held that these *in rem* civil forfeitures were neither "punishment" nor criminal for purposes of the Double Jeopardy Clause. *Ursery*, —— U.S. at ——, 116 S.Ct. at 2149. The Court made it clear that nothing in *Halper*, *Kurth Ranch*, or *Austin* replaced the traditional understanding that civil forfeiture does not constitute punishment for purposes of the Double Jeopardy Clause because none of those cases dealt with *in rem* civil forfeitures for purposes of the Double Jeopardy Clause. *Id.* at ——, 116 S.Ct. at 2147.[4]

1. Article 59.01(2) states that "contraband" means property of any nature, including real, personal, tangible, or intangible, that is:
   (A) used in the commission of:

   .    .    .    .

   (i) any felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act); Tex.Code Crim.Proc.Ann. art. 59.01(2) (Vernon Supp.1996).
   § 481.121 provides as follows:
   (a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana.

   .    .    .    .    .

   (c) A person commits an aggravated offense if the person commits an offense under Subsection (a) and the amount of marihuana possessed is more than 50 pounds.
   Tex.Health & Safety Code Ann. § 481.121(a)(c) (Vernon 1992).

2. Appellant's point of error number two.

3. Appellant's point of error number one.

4. *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) (case dealt with *in personam* civil penalties, and the rule enunciated by the Court should not be applied to civil forfeiture. *See Ursery*, —— U.S. at ——, 116 S.Ct. at 2145); *Department of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128

The forfeiture rule had its beginning with *Various Items of Personal Property v. United States*, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558 (1931). In *Various Items*, the Government, after first obtaining a criminal conviction of a corporation, moved to forfeit property which the corporation had used to conduct a distilling business in violation of federal law. In allowing the forfeiture, the Court gave the following explanation for its holding:

> [This] forfeiture proceeding ... is *in rem*. It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient. In a criminal prosecution it is the wrongdoer in person who is proceeded against, convicted and punished. The forfeiture is no part of the punishment for the criminal offense. The provision of the Fifth Amendment to the Constitution in respect of double jeopardy does not apply.

*Id.* at 581, 51 S.Ct. at 284.

 We have previously held that these type of forfeitures are *in rem* proceedings. *$191,452.00 v. State*, 827 S.W.2d 430, 433 (Tex.App.—Corpus Christi 1992, writ denied). Further, in enacting the forfeiture statutes, the Legislature intended forfeitures to be civil proceedings, remedial in nature, and not a form of punishment. *Gonzalez v. State*, 832 S.W.2d 706, 707 (Tex.App.—Corpus Christi 1992 no pet.) (These cases shall proceed to trial in the same manner as other civil cases); TEX.CODE CRIM.PROC.ANN. 59.05(b), (e) (Vernon Supp.1996).

Appellant contends, however, that the value of the property forfeited exceeded $10,000.00, as compared to the approximately $200.00 costs for the four officers that participated in the arrest. Thus, appellant argues, the proceeding was punitive in nature because it had no rational relationship to the costs incurred by the State in its criminal prosecution. While forfeitures of property may have certain punitive aspects, they also serve important nonpunitive goals such as: 1) ensuring that persons do not profit from their illegal acts; 2) serving as a deterrent;

L.Ed.2d 767 (1994) (case dealt with a tax conditioned on the commission of a crime and imposed only after arrest of taxpayer); *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125

or 3) encouraging people to better care for their property to ensure it will not be used in illegal activities. *Ursery*, —— U.S. at —— ——, 116 S.Ct. at 2148–2149. The property in *Ursery* was forfeited pursuant to Title 21 U.S.C. § 881(a)(7). That federal statute and the Texas forfeiture statute are very similar. *See Blessing v. State*, 927 S.W.2d 310, 313 (Tex.App.—Houston [1st Dist.] 1996 no pet. h.). We agree with the *Blessing* court that the Texas statute serves the same nonpunitive goals as the federal statute. *Id.* Further, the State and federal Double Jeopardy Clause are, for all practical purposes, identical. *Id.* at 312, *Stephens v. State*, 806 S.W.2d 812, 815 (Tex.Crim.App.1990), cert. denied, 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991).

Accordingly, we find that the forfeiture of appellant's property does not constitute punishment for purposes of the Double Jeopardy Clause. Appellant's points of error 1 and 2 are overruled and the judgment of the trial court is AFFIRMED.

L.Ed.2d 488 (1993) (case dealt with civil forfeitures under the Excessive Fines Clause).