**APPROXIMATELY $42,850.00, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Approximately $128,374.00, Appellant,**

**v.**

**The State of Texas, Appellee.**

Nos. 14-00-00378-CV, 14-00-00379-CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 26, 2001.

Walter Pink, Houston, for appellants.

Shirley Cornelius, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.

**OPINION**

ANDERSON, Justice.

This is an appeal from a civil forfeiture proceeding. In three points of error, Joseph Asonye, the party from whom the money was forfeited, claims the judgment should be reversed because he received ineffective assistance of counsel. We affirm.

In 1999, the Houston Police Department received information that Asonye was illegally selling prescription medications from his office, which was connected to a pharmacy. Because Asonye was not a licensed

pharmacist or medical practitioner, police set up a buy-bust operation. On March 11, 1999, an undercover officer spoke with Asonye by phone about purchasing a quantity of the drug Soma for $75.00. Soma is the trade name for the dangerous drug Carisoprodol. Later that day, the officer met Asonye at his office and purchased the Soma. After the purchase, the officer gave a pre-arranged bust signal and officers entered Asonye's office and arrested him. The $75.00 paid to Asonye by the undercover officer was recovered from Asonye.

The officers searched the two other offices in the building for safety purposes. During the search, officers observed containers of Schedule III narcotics on the floor and in boxes packed for shipment. After officers read him his rights, Asonye signed a consent to search the office and the officers recovered large amounts of cash and deposit slips showing deposits of other large amounts. Asonye admitted the money was from the sale of drugs. Asonye was charged with the felony offense of possession of a controlled substance.

On March 29, 1999, the State filed a notice of seizure and intended forfeiture relating to approximately $128,374.00 seized during the search of the offices.

During the pendency of the criminal case, Asonye fled the United States for Nigeria. On August 17, 1999, he was arrested at Houston Intercontinental Airport when he attempted to re-enter the country. When he attempted to re-enter, he was holding approximately $42,850 .00 cash on his person.

On September 8, 1999, the State filed a second notice of seizure and intended forfeiture for the $42,850.00 found on Asonye when he attempted to re-enter the United States.

On October 18, 1999, Asonye pleaded guilty to the offense of possession of a controlled substance. He was found guilty and sentenced to fifteen years confinement in the Texas Department of Criminal Justice—Institutional Division.

On February 28, 2000, the trial court held a forfeiture hearing. Asonye did not appear at the hearing. The State presented its evidence and attorneys for Asonye rested without presenting any evidence. On March 6, 2000, the trial court entered two judgments. In trial court cause number 99–45477, the trial court ordered forfeited the $42,850.00 found on Asonye when he attempted to re-enter the United States. In trial court cause number 99–15760, the trial court ordered forfeited the $128,374.00 found during the search of Asonye's office. Asonye appeals both of these judgments.

In points of error one through three in each case, Asonye contends his trial attorneys were ineffective during his criminal proceeding by failing to: (1) adequately investigate the case, prepare a defense, and move to suppress the seized evidence; (2) object to the search of the premises and seizure of the contraband; and (3) inform him of the range of punishment, thus rendering the plea involuntary. Apparently, Asonye assumes that because his trial attorneys were allegedly ineffective at his criminal proceeding, this somehow tainted the civil forfeiture proceeding. We disagree.

▇▇▇ It is well settled that a forfeiture proceeding under chapter 59 of the Texas Code of Criminal Procedure is a civil, *in rem* proceeding. *Blessing v. State,* 927 S.W.2d 310, 313 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *Ex parte Camara,* 893 S.W.2d 553, 555–56 (Tex.App.—Corpus Christi 1994, pet. ref'd); *$22,922.00 v. State,* 853 S.W.2d 99, 101 (Tex.App.—Houston [14th Dist.] 1993, writ denied);

*see also* Tex.Code Crim. Proc. Ann. art. 59.01, *et seq.* (Vernon Pamph.2000). The Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution provide that "in all *criminal prosecutions*, the accused shall enjoy the right ... to have the assistance of counsel for his defense." U.S. Const. amend. VI; Tex. Const. art. I, § 10 (emphasis added). This right to counsel includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). By their clear language, however, neither the Sixth Amendment nor Article I, Section 10 apply to civil cases. This Court has specifically held that neither the Texas nor the United States Constitution guarantees a right to counsel in a civil suit. *Harris v. Civil Service Com'n for Mun. Employees of the City of Houston*, 803 S.W.2d 729, 731 (Tex. App.—Houston [14th Dist.] 1990, no writ); *see also Smith v. Smith* 22 S.W.3d 140, 154 (Tex.App.—Houston [14th Dist.] 2000, no pet.) (opin. on reh'g) (Hudson, J., concurring); *Stokes v. Puckett*, 972 S.W.2d 921, 927 (Tex.App.—Beaumont 1998, pet. den.).

Asonye's complaints regarding the ineffectiveness of counsel clearly have no relevance or application to this civil forfeiture proceeding. Accordingly, we overrule his points of error and affirm the trial court's judgment.