NO. 07-04-0005-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 26, 2004



______________________________




DEVON ENERGY PRODUCTION COMPANY, L.P. AND



PENNZENERGY EXPLORATION AND PRODUCTION, L.L.C., APPELLANTS



V.



HOCKLEY COUNTY APPRAISAL DISTRICT, APPELLEE




_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY





NO. 00-01-17897; HONORABLE HAROLD PHELAN, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.


ON AGREED MOTION FOR CONSOLIDATION OF APPEALS


AND FOR BRIEFING SCHEDULE




 Pending before this Court is an agreed motion for consolidation of four cases and
for a briefing schedule in cause numbers 07-04-0005-CV, 07-04-0007-CV, 07-04-0017-CV,
and 07-04-0019-CV. Pursuant to Rule 2 of the Texas Rules of Appellate Procedure, (1) we
grant the motion in part for the limited purpose of filing the appellate record and the briefs
as follows:

 1. A clerk's record in each separate cause shall be filed in this Court not
later than 30 days beyond the deadlines set in Rule 35.1. 

 2. One consolidated reporter's record of the two Hockley County cases and
one consolidated reporter's record of the two Terry County cases shall be
filed not later than 30 days beyond the deadline set in Rule 35.1.

 3. An appellant presenting entirely common issues or points of error and
common questions of fact and law may, but is not required to, file a single
brief covering more than one of the cases in which it is a party. To avoid
confusion, the Court directs that record references be provided to all records
as necessary. See Tex. R. App. P. 38.1 (d), (f), and (h). Briefs shall be filed
30 days after the last clerk's record or reporter's record is filed in all four
cases. Tex. R. App. P. 38.6(a). At the present time the latest record is due
to be filed on Monday, April 19, 2004. Thus, excepting further orders of this
Court, appellants' briefs are due to be filed on or before Wednesday, May
19, 2004.

 4. Appellees Hockley County Appraisal District and Terry County Appraisal
District may, but are not required to, each file a single brief covering more
than one of the cases in which it is a party. To avoid confusion, the Court
directs that record references be provided to all records as necessary. See
Tex. R. App. P. 38.1 (d), (f), and (h). Briefs shall be filed 30 days after
appellants' briefs are filed. Tex. R. App. P. 38.6(b).


 The Court may require additional briefing as necessary. Tex. R. App. P. 38.7. In
all other respects, the motion is denied. It is so ordered.

 Per Curiam 
1. All references to rules are to the Texas Rules of Appellate Procedure.



sans-serif"> 
Background
           In May 2008, Perkins was arrested by deputies of the Hockley County Sheriff’s
Department, who alleged they found her in possession of drugs, drug paraphernalia and
$9935 in cash. The next month, the district attorney of Hockley County filed an original
notice of seizure and intended forfeiture, seeking forfeiture from Perkins of the $9935. See
Tex. Code Crim. Proc. Ann. art. 59.04(a)(Vernon 2006) (State's attorney shall commence
forfeiture proceedings not later than thirtieth day after seizure). The State alleged that the
money was contraband subject to seizure under the forfeiture statute, Chapter 59 of the
Texas Code of Criminal Procedure. 
          The State obtained personal service of the forfeiture notice on Perkins on June 10,
2008. The clerk’s record contains no answer filed on Perkins’s behalf. On March 19,
2009, the State filed a Motion for Partial Default Judgment against Perkins. The trial court
heard the State’s motion on the same day. Although Perkins was the only defendant
named in the State’s notice, the record of the hearing reflects that an answer had been
filed on behalf of a man named Pullin. After the hearing, the trial court signed an Order on
Motion for Partial Default Judgment, forfeiting the $9935 to the State and assessing court
costs against Perkins. So far as our record shows, the issue of Pullin’s interest in the
money has not been adjudicated. Perkins timely filed notice of appeal.
Analysis 
          Although forfeiture proceedings are governed by Chapter 59 of the Code of Criminal
Procedure, they are civil in nature. Tex. Code Crim. Proc. Ann. art. 59.05(a) (Vernon
2006); see Prear v. State, 933 S.W.2d 643, 645 (Tex.App.–San Antonio, 1996, no pet.)
(forfeiture proceedings under Chapter 59 are civil in rem proceedings). A final judgment
in a civil case is one that disposes of all parties and all issues in a lawsuit. Lehman v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Houston Health Clubs, Inc. v. First Court
of Appeals, 722 S.W.2d 692, 693 (Tex. 1986). We see no reason to treat a civil forfeiture
proceeding differently. Indeed, the language of Chapter 59 indicates a final judgment of
forfeiture authorizing disposition of the forfeited property is not rendered until the interests
of all those claiming ownership interests, liens and security interests are determined. See
Tex. Code Crim. Proc. Ann. art. 59.04(I) (requiring “the owner and any interest holder” to
be named as parties to forfeiture proceeding); 59.01(4) (defining interest holder as bona
fide holder of perfected lien or security interest); 59.01(6) (defining owner as “a person who
claims equitable or legal ownership interest”); 59.05(e) (describing procedures for the
protection of nonforfeitable interests in property otherwise subject to forfeiture, and
concluding “[o]n final judgment of forfeiture, the attorney representing the state shall
dispose of the property in the manner required by Article 59.06 of this code.” (Vernon
2006). A court of appeals has no appellate jurisdiction over a nonfinal, interlocutory order
unless expressly authorized by statute. New York Underwriters Ins. Co. v. Sanchez, 799
S.W.2d 677, 679 (Tex. 1990). 
          In this case, the trial court's order granting a partial default judgment with respect
to Perkins’s ownership interest in the $9935 is not a final judgment of forfeiture because
it does not dispose of all parties claiming interests in the money. Chapter 59 contains no
provision authorizing an appeal from an interlocutory order of this nature. Neither Perkins
nor the State has directed us to any statute granting us jurisdiction over this appeal, and
our research has revealed none. 
          Accordingly, acting on our own motion, we dismiss the appeal for want of
jurisdiction. See Buffalo Royalty Corp. v. Enron Corp., 906 S.W.2d 275, 277
(Tex.App.–Amarillo 1995, no writ) (appellate court must address questions of jurisdiction,
sua sponte).
 
                                                                                      James T. Campbell

                                                                                                Justice