NO. 07-09-0107-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 8, 2009
_____

PATTI DIANN PERKINS, $9935.00 IN U.S. CURRENCY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 08-06-21322; HONORABLE PAT PHELAN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Patti Diann Perkins filed a *pro se* notice of appeal from the district court's no-answer default judgment of forfeiture of $9,935.00. *See* Tex. Code Crim. Proc. Ann. art. 59.06 (Vernon 2006) (forfeiture of contraband). On appeal, Perkins raises several complaints concerning the judgment. The State has not responded to Perkins's brief. Finding the judgment is not final, and thus is not appealable, we dismiss the appeal for want of jurisdiction.

Background

In May 2008, Perkins was arrested by deputies of the Hockley County Sheriff's Department, who alleged they found her in possession of drugs, drug paraphernalia and $9935 in cash.  The next month, the district attorney of Hockley County filed an original notice of seizure and intended forfeiture, seeking forfeiture from Perkins of the $9935.  *See* Tex. Code Crim. Proc. Ann. art. 59.04(a)(Vernon 2006) (State's attorney shall commence forfeiture proceedings not later than thirtieth day after seizure). The State alleged that the money was contraband subject to seizure under the forfeiture statute, Chapter 59 of the Texas Code of Criminal Procedure.

The State obtained personal service of the forfeiture notice on Perkins on June 10, 2008.  The clerk's record contains no answer filed on Perkins's behalf.  On March 19, 2009, the State filed a Motion for Partial Default Judgment against Perkins.  The trial court heard the State's motion on the same day.  Although Perkins was the only defendant named in the State's notice, the record of the hearing reflects that an answer had been filed on behalf of a man named Pullin.  After the hearing, the trial court signed an Order on Motion for Partial Default Judgment, forfeiting the $9935 to the State and assessing court costs against Perkins.  So far as our record shows, the issue of Pullin's interest in the money has not been adjudicated.  Perkins timely filed notice of appeal.

Analysis

Although forfeiture proceedings are governed by Chapter 59 of the Code of Criminal Procedure, they are civil in nature.  Tex. Code Crim. Proc. Ann. art. 59.05(a) (Vernon

2

2006); *see Prear v. State, 933* S.W.2d 643, 645 (Tex.App.–San Antonio, 1996, no pet.) (forfeiture proceedings under Chapter 59 are civil *in rem* proceedings). A final judgment in a civil case is one that disposes of all parties and all issues in a lawsuit. *Lehman v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001); *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex. 1986). We see no reason to treat a civil forfeiture proceeding differently. Indeed, the language of Chapter 59 indicates a final judgment of forfeiture authorizing disposition of the forfeited property is not rendered until the interests of all those claiming ownership interests, liens and security interests are determined. *See* Tex. Code Crim. Proc. Ann. art. 59.04(I) (requiring "the owner and any interest holder" to be named as parties to forfeiture proceeding); 59.01(4) (defining interest holder as bona fide holder of perfected lien or security interest); 59.01(6) (defining owner as "a person who claims equitable or legal ownership interest"); 59.05(e) (describing procedures for the protection of nonforfeitable interests in property otherwise subject to forfeiture, and concluding "[o]n final judgment of forfeiture, the attorney representing the state shall dispose of the property in the manner required by Article 59.06 of this code." (Vernon 2006). A court of appeals has no appellate jurisdiction over a nonfinal, interlocutory order unless expressly authorized by statute. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990).

In this case, the trial court's order granting a partial default judgment with respect to Perkins's ownership interest in the $9935 is not a final judgment of forfeiture because it does not dispose of all parties claiming interests in the money. Chapter 59 contains no provision authorizing an appeal from an interlocutory order of this nature. Neither Perkins

3

nor the State has directed us to any statute granting us jurisdiction over this appeal, and our research has revealed none.

Accordingly, acting on our own motion, we dismiss the appeal for want of jurisdiction. *See Buffalo Royalty Corp. v. Enron Corp.*, 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (appellate court must address questions of jurisdiction, *sua sponte*).

James T. Campbell
Justice

4