

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00084-CV

_____


$1,608.00 IN U.S. CURRENCY AND
2008 MAZDA, VIN 1YVHP80C385M37457, Appellants

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 83560



Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Robert Bruce Daugherty appeals from the trial court's forfeiture order, which deemed his 2008 Mazda[1] and $1,608.00 in U.S. currency contraband. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02 (West Supp. 2014). On appeal,[2] Daugherty argues (1) that because he is indigent, the trial court erred in denying his request for court-appointed counsel and (2) that the trial court erred in denying his request to continue this case until the final disposition of his related criminal case. We conclude that Daugherty was not entitled to court-appointed counsel. We further find that the trial court properly exercised its discretion in denying Daugherty's last-minute motion for continuance. Accordingly, we affirm the trial court's judgment.

## I. There is No Right to Court-Appointed Counsel in a Statutory Civil Forfeiture Proceeding in Texas

Daugherty claims that he is indigent and could not afford an attorney to represent him at the forfeiture hearing. Because this forfeiture proceeding is related to a criminal proceeding, in which Daugherty has the Sixth Amendment right to counsel, Daugherty argues that the trial court erred in denying his request for court-appointed counsel. We disagree.

Generally, the Sixth Amendment right to the assistance of counsel applies only to criminal prosecutions. *See Turner v. Rogers*, 131 S.Ct. 2507, 2516 (2011); *Strickland v. Washington*, 466 U.S. 668, 684–88 (1984); *but see Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003) (discussing right to counsel in certain civil proceedings). "A forfeiture hearing is a civil proceeding." *$800.00*

---

[1]The Mazda's vehicle identification number is 1YVHP80C385M37457.

[2]In companion case 06-14-00085-CV, Daugherty appeals an order of forfeiture that deemed his Garmin NUVI GPS, Garmin Large Screen GPS, KD Android Tablet Computer, and $990.00 in U.S. currency contraband.

*in U.S. Currency v. State*, No. 06-05-00068-CV, 2005 WL 3108486, at *3 (Tex. App.—Texarkana Nov. 22, 2005, no pet.) (mem. op.); *see Blessing v. State*, 927 S.W.2d 310, 313 (Tex. App.—Houston [1st Dist.] 1996, no writ).

"The State's right to bring a forfeiture cause exists by [Texas] statute, and not by virtue of the constitution or common law." *$24,156.00 in U.S. Currency v. State*, 247 S.W.3d 739, 743 (Tex. App.—Texarkana 2008, no pet.). This Court has previously held that "there is no statutory right to appointed counsel during a forfeiture proceeding." *$800.00 in U.S. Currency*, 2005 WL 3108486, at *3; *see $585.00 U.S. Currency v. State*, No. 03-09-00012-CV, 2009 WL 2837716, at *2 (Tex. App.—Austin Aug. 31, 2009, pet. denied) (mem. op.); *$567.00 in U.S. Currency v. State*, 282 S.W.3d 244, 246–47 (Tex. App.—Beaumont 2009, no pet.); *Approximately $42,850.00 v. State*, 44 S.W.3d 700, 701–02 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Because we conclude that Daugherty was not entitled to court-appointed counsel in this statutory civil forfeiture proceeding, we overrule his first point of error.

## II. The Trial Court Did Not Abuse Its Discretion in Denying Daugherty's Motion for Continuance

A request for a continuance may only be granted for "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."[3] TEX. R. CIV. P. 251. On the day of the forfeiture hearing, Daugherty asked the trial court to continue the case until the final disposition of his related criminal case. The trial court denied his request. Daugherty argues that this ruling was in error.

---

[3]Although the reporter's record indicates that Daugherty filed a written motion for continuance, the motion was not included in this appellate record.

"We review the decision to grant or deny a motion for continuance for an abuse of discretion." *The Crawford Family Farm P'ship v. Transcanada Keystone Pipeline, L.P.*, 409 S.W.3d 908, 924–25 (Tex. App.—Texarkana 2013, pet. denied) (citing *Villegas v. Carter*, 711 S.W.2d 624, 625 (Tex. 1986)). "A trial court abuses its discretion 'when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* at 925 (quoting *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002)).

A forfeiture proceeding "shall proceed to trial in the same manner as in other civil cases." TEX. CODE CRIM. PROC. ANN. art. 59.05(b) (West 2006). Daugherty argues that the pending related criminal case required the trial court to continue this civil forfeiture proceeding. However, "'[t]he pendency of a criminal investigation, indictment, or other proceeding does not affect a contemporaneous civil proceeding based on the same facts or parties.'" *In re Gore*, 251 S.W.3d 696, 699 (Tex. App.—San Antonio 2007, orig. proceeding) (quoting *Gebhardt v. Gallardo*, 891 S.W.2d 327, 330 (Tex. App.—San Antonio 1995, orig. proceeding).

Because "[a] final conviction for an underlying [criminal] offense is not a requirement for [civil] forfeiture," TEX. CODE CRIM. PROC. ANN. art. 59.05(d) (West 2006), we cannot say that the trial court abused its discretion in denying Daugherty's motion for continuance. Accordingly, we overrule Daugherty's last point of error.

## III.   Conclusion

We affirm the trial court's judgment.


                    Ralph K. Burgess
                    Justice

Date Submitted:      March 26, 2015
Date Decided:       March 31, 2015