NO. 04-12-00517-CV

IN THE FOURTH COURT OF APPEALS

AT SAN ANTONIO

SERGIO ALANIS,SR. MARIA GUADALUPE ALANIS,

SUSIE ALANIS, SERGIO ALANIS, AND ALONZO ALANIS

APPELLANTS

V

JESUS MARIA ALVAREZ & ALVAREZ AND ASSOCIATES

APPELLEES

V

ANA LISA GARZA

APPELLEE/INTERVENOR

On Appeal from the 381st Judicial District Court of

Starr County, Texas

The Honorable Federico G. Hinojosa District Judge

Trial Court Case Number DC-00-328



2015 NOV 12 PM 2: 39
KEITH E. HOTTLE, CLERK
FILED IN THE COURT OF APPEALS AT SAN ANTONIO, TEXAS

APPALLANT'S MOTION TO REVIEW FURTHER ORDERS

TO THE HONORABLE JUDGE(S) OF SAID COURT:

COMES NOW, Sergio Alanis Sr. Appellant herein,

without the aid of counsel and files his Motion to Review Further Orders.

Pg. 1

# IN THE TEXAS COURT OF APPEALS
## FOURTH CIRCUIT

SERGIO ALANIS, SR. et al       §
APPELLANTS                     §
vs.                            §        APPEAL NO. 04-12-00517-CV
JESUS MARIA ALVAREZ et al      §
APPELLEES                      §
vs.                            §        TRIAL COURT NO. DC-00-328
ANA LISA GARZA                 §
APPELLEE/INTERVENOR            §

## APPELLANT'S MOTION TO REVIEW FURTHER ORDERS

TO THE HONORABLE JUDGE(S) OF SAID COURT:

Appellant files his Motion to Review Further Orders Pro Se. Appellant moves for relief

from the Interlocutory Order of the Honorable Federico G. Hinojosa District Judge. Granting

Appellee/Intervenor's Second Motion for Summary Judgment. This Appeal is pursuant under

Texas Rule of Civil Procedure 42). Tex. Civ. Prac. & Rem Code § 51.014 and TRAP 29.6

Review of Further Orders.

## STATEMENT OF FACTS

Sergio Alanis, Sr., and his wife Maria Guadalupe Alanis (here in after Appellant of Alanis's)

On or about <u>NOVEMBER 06, 2000</u> sued Jesus Maria Alvarez & Alvarez and Associates

(here in after Mr. Alvarez or Appellee) and Ana Lisa Garza Intervenor(here in after referred to as

"Ms. Garza")(here in after collectively referred to as the "Appellees").

(1) On or about May 04, 2010 Jesus Maria Alvarez & Alvarez and Associates filed their Motion

For Summary Judgment.

(2) On or about June 11, 2010 The Appellant's filed their response to Defendant/Intervenor's

Motion For Summary Judgment.

(3) On or about August 27, 2010 Ms. Garza filed their Intervenor's Motion For Summary

Judgment. See Exhibit "A" pgs. 1-13.

(4) On July 23, 2012 The Trial Court granted Ms. Garza Motion in an Interlocutory Order and later granted both motions in a Final Judgement.

(5) On or about October 09, 2013 Honorable Catherine Stone, Chief Justice, Honorable Sandee Bryan, Justice and Honorable Patricia O. Alvarez Justice. REVERSED AND REMENDED to the trial court for further Proceedings. See Exhibit "B" pgs.1-5.

(6) On or about April 22, 2015 Ms. Garza filed an identical Motion with the same arguments, facts and case law, the only difference is that Ms. Garza changed the title now it is Intervenor's Second Motion for Summary Judgment. See Exhibit "C" pgs. 1-13

(7) On or about June 11, 2015 the Appellant's filed their response to Intervenor's Second Motion for Summary Judgment and asked the court to dismissed the motion on the grounds that the Fourth Court of Appeals had already ruled on those arguments. See Exhibit "D" pgs. 1-13.

(8) On or about September 15, 2015 the Appellant's filed a written request asking the court again to dismissed Intervenor's Second Motion for Summary Judgment. See Exhibit "E" pgs. 1-2.

(9) On or about October 21, 2015 Judge Federico G. Hinojosa entered his Interlocutory Order, granting Intervenor's Second Motion for Summary Judgment. See Exhibit "F" pg. 1.

## ARGUMENTS

This Appeal is pursuant under T R A P 29.6 Review of further orders (A) Motion to Review Further Orders. While an appeal is pending from Interlocutory Order is pending, on a party's motion or on the appellate court's own Initiative, the appellate court may review the following: (1) A further appealable Interlocutory Order concerning the same subject matter; and (2) any Interlocutory Order that Interferes with or Impairs the effectiveness of the relief sought or that may be granted on appeal. (B) Record, The party filing the motion may rely on the original record.

The trial court ignored appellant's request to dismissed to Intervenor's Second Motion for Summary Judgment and ignored the Fourth Court of Appeals Order issued October 09, 2013. Ms. Garza is an attorney at law and a Starr County District Judge, she knows that the law of the land is:

When the Fourth Court of Appeals denied her arguments, she then had the right to present her argument to the Supreme Court, but she choose not to. If this Honorable Court does not over turn the trial courts Order it will allow the appellee's and trial court to do as they please. Ms. Garza Intervenor's Second Motion for Summary Judgment is frivolous and should be overturn so this case can proceed to trial. The law is quit clear that once the higher court makes its ruling on a case it cannot be presented to the lower court again, and in this case Ms. Garza did, See Exhibits "A" and " C". and trial court granted her motion for the second time this is wrong.

## PRAYER FOR RELIEF

Wherefore Appellant's humbly and respectfully pray that the Honorable Court Reverse/Dismissed The Order of the lower court. And Grant Appellant's Motion to Review Further Orders so this case can proceed to trail, on the material facts and law presented herein, and for any other relief this Honorable Court deems just.

Respectfully Summited _____          November 09, 2015

Susie Alanis
P.O. Box 2601
Roma, Texas 78584

Sergio Alanis, Jr.
P.O. Box 2601
Roma, Texas 78584

Alonzo Alanis
P.O. Box 2601
Roma, Texas 78584

Sergio Alanis, Sr. Pro Se
and lead counsel
402 N. Garcia St.
Rio Grande City, Texas 78582

Maria Guadalupe Alanis
P.O. Box 2601
Roma, Texas 78584

Pg. 4

## CERTIFICATE OF SERVICE

I Sergio Alanis Sr., do hereby certify that a true and correct copy of the above Instrument has been forwarded via United States Mail, with proper postage affixed and/or fax, on this 09 of November 2015 to the following attorneys of record.

Sincerely,

_Sergio Alanis_

Sergio Alanis, Sr. Pro Se
and lead counsel
402 N. Garcia St.
Rio Grande City, Texas 78582

Jesus Maria Alvarez & Alvarez
and Associates
501 N. Britten Ave.
Rio Grande City, Texas 78582

Ricardo Gonzalez
124 S. 12th Ave.
Edinburg, Texas 78539

| | | |
|---|---|---|
| SERGIO ALANIZ, SR. and MARIA GUADALUPE ALANIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | 381ˢᵗ JUDICIAL DISTRICT |
| | § | |
| JESUS MARIA ALVAREZ and ALVAREZ & ASSOCIATES, | § | |
| | § | |
| Defendants | § | |
| | § | |
| ANA LISA GARZA | § | |
| | § | |
| Intervenor | § | STARR COUNTY, TEXAS |

FILED AT 12:01 O'CLOCK __ M AUG 27 2010 ELOY R. GARCIA DISTRICT CLERK STARR CO. TX BY _____ DEPUTY

## INTERVENOR'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANA LISA GARZA, Intervenor and Movant, in the above styled and numbered cause and hereby files this her Motion for Summary Judgment against Plaintiff, SERGIO ALANIZ, SR., (hereinafter referred to as "Plaintiff"), and in support of this Motion, Intervenor would show the Court the following:

### I.

This Motion for Summary Judgment is requested against Plaintiff on the grounds that Plaintiff's claims are barred by the statute of limitations.

### II.

Pursuant to Texas Rules of Civil Procedure 166a, Intervenor ANA LISA GARZA moves for a summary judgment because the uncontradicted Summary Judgment evidence establishes as a matter of law that the Plaintiff's claims against Defendant JESUS MARIA ALVAREZ are barred by the statute of limitations.

**EXHIBIT "A"**

0007

## III.
## FACTS

Plaintiff premises his causes of action against Defendant on alleged fraud and breach of fiduciary duties in relation to conveyance of the subject real property by Plaintiffs to Defendant JESUS MARIA ALVAREZ. Defendant JESUS MARIA ALVAREZ contends that such conveyance was made as partial payment for legal fees paid for Defendant JESUS MARIA ALVAREZ'S legal representation for Plaintiff SERGIO ALANIZ, SR. in connection with federal criminal charges brought against the same.

Defendants JESUS MARIA ALVAREZ and ALVAREZ & ASSOCIATES filed an Answer and a counterclaim for declaratory judgment to remove cloud on title to the subject real property. Defendant JESUS MARIA ALVAREZ later conveyed the subject real property to Intervenor ANA LISA GARZA for consideration, by duly executed Deed. *See Exhibit "A"*. Intervenor ANA LISA GARZA claims legal ownership to the subject real property by virtue of a deed conveying title of the same to her. The subject real property is described as follows:

THE SURFACE AND THE SURFACE ONLY in and to Forty-eight and 48/100 (48.48) acres of land, more or less, out of forming a part of portion of the east half (E/2) of Porcion No. Eighty-Three (83 Ancient Jurisdiction of Camargo, now situated in Starr County, Texas ,and being more particularly described by metes and bounds as follows; to-wit:

BEGINNING at a point of the center line of Road, in the E/2 of the portion No.83,Camargo Jurisdiction, which is distant ,S. 26* 59' 07' E.,1340.57 feet from the intersection of the dividing line between W/2 and E/2 of the Porcion No.83,Camargo Jurisdiction with the center line of Charco Blanco Road, for S.W corner hereof;

THENCE N.59* 52'E. 437.22 feet, to an iron rod, for bend in line;

THENCE N. 09* 15' E., 853.54 feet, to an iron rod, for an Inner corner hereof;

THENCE N.80*45'W., 208.7 feet, to an iron rod, for a corner hereof;

THENCE N. 09*15'E.1129.33 feet, to an iron rod, for an Inner corner hereof;

THENCE N.80*45'W., 208.7 feet, to an iron rod, foe a corner hereof;

THENCE N.09*15' E., 458.6 feet, to an iron rod, for N.W. corner hereof;

0008

THENCE S.80*45' E., 838.9 feet, to an iron rod, for N.E corner hereof;

THENCE S.09*15'W., 1623.11 feet, to an iron rod, for an Inner corner hereof;

THENCE S.80*45'E., 125.0 feet, to an iron rod, for the most Easterly N.E corner hereof;

THENCE S.09*15'W, 752.3 feet, to an iron rod, for most Easterly S.E corner hereof;

THENCE N.80*45'W., 125.0 feet, to an iron rod, for an Inner corner hereof;

THENCE S.09*15'W., 614.2 feet, to an iron rod, for Bend Line;

THENCE S.59*52'W., 688.1 feet, to an iron rod, for S.E corner hereof;

THENCE with the center line of Charco Blanco Road , N.23*07'W., 417.4 feet to the place of BEGINNING and containing within these metes and bounds 48.48 acres of land, more or less.

## IV.
## COURSE OF PROCEEDINGS

On July 18, 2000, Plaintiff SERGIO ALANIZ, SR. attempted to file suit against JESUS MARIA ALVAREZ by document entitled "Motion to File a Complaint for Fraud in Violation of the Laws of the United States of America" in the United States District Court for the Eastern District of Texas, Texarkana Division. *See Exhibit* "B". On November 9, 2000, the Court dismissed Plaintiff's Complaint finding that the Court lacked jurisdiction over the matter. *See Exhibit* "C".

Thereafter, on December 18, 2000, Plaintiff SERGIO ALANIZ, SR. again attempted to sue Defendant, JESUS MARIA ALVAREZ by filing a "Motion for Recovery of Damages and Claim of Fraud." *See attached Exhibit* "D". This "pleading" which consisted of one page and only three paragraphs alleged only fraud as against Defendant, JESUS MARIA ALVAREZ.

Plaintiff, SERGIO ALANIZ, SR. did not ask for, nor was citation issued for his July 18, 2000 federal court filing and for his December 18, 2000 state court filing.

0009

On February 15, 2002, Plaintiff filed an "Amended Civil Complaint for Breach of Fiduciary Duty and Fraud; Action In Rem regarding Forty-Eight and 48/100 (48.48) acres of land". *See Exhibit "E"*. Thereafter, Plaintiff SERGIO ALANIZ, SR. requested service of citation and Defendant, JESUS MARIA ALVAREZ was served with process of February 25, 2002.

Defendant, JESUS MARIA ALVAREZ and ALVAREZ & ASSOCIATES filed their Original Answer on March 28, 2002.

Thereafter, on April 26, 2002, Plaintiffs filed a "Permissive Joinder of Parties" seeking to have added to the lawsuit Plaintiffs' children Suzie Alaniz, Sergio Alaniz, Jr., and Alonzo Alaniz.

Finally, on January 8, 2010, Intervenor/Movant filed her Original Petition in Intervention.

## V.
## DISMISSAL OF PLAINTIFFS' SUIT

On April 11, 2007, this court on its own motion dismissed the claims of all Plaintiffs - SERGIO ALANIZ, SR., MARIA GUADALUPE ALANIZ, SUZIE ALANIZ, SERGIO ALANIZ, JR. AND ALONZO ALANIZ. *See Exhibit "F"*.

## VI.
## APPEAL

An appeal was filed challenging this trial court's order of dismissal. However, only SERGIO ALANIZ, SR. pursued the appeal and the remaining Plaintiffs failed to do so. *See Exhibit "G" pg. 1*. The Appellate Court reversed the trial court's order of dismissal and remanded the case as to Sergio Alaniz, Sr. only. *See Exhibit "G" pages 5 & 6*.

## VII.
## CURRENT PARTIES

Therefore, the only Plaintiff in this lawsuit is SERGIO ALANIZ, SR. The Defendant in this lawsuit is JESUS MARIA ALVAREZ D/B/A ALVAREZ & ASSOCIATES and the Intervenor is, ANA LISA GARZA, Movant herein.

0010

## VIII.
## INTERVENTION

Intervenor ANA LISA GARZA has a justiciable interest in the matters in controversy in this litigation because she is the legal owner, under duly executed deed, of the real property which is the basis of this suit. *See Exhibit "A"*.

The real property which is the basis of this suit was conveyed to Intervenor ANA LISA GARZA, for consideration, after Plaintiff voluntarily conveyed the same to Defendant JESUS MARIA ALVAREZ.

## IX.
## STATUTE OF LIMITATIONS

The Plaintiffs' current pleading alleges breach of fiduciary duty and fraud.[1]

A cause of action for breach of fiduciary duty has a four year statute of limitations. *Civil Practice and Remedies Code*, §16.004(a)(5).

The cause of action for fraud also has a four year statute of limitations. *Civil Practice & Remedies Code*, §16.004(a)(4).

Plaintiff's causes of action are barred by the statute of limitations. Plaintiff complains that Defendant breached its fiduciary duty to Plaintiff and further committed fraud by the act of causing the deed referenced in his petition to be signed in favor of Defendant. This deed complained of was signed by Plaintiff on February 5, 1998 and filed with the County Clerk on February 12, 1998. *See Exhibit "E"*, Plaintiff's Amended Complaint pages 10-11 and Deed attached as *Exhibit "H"*.

A review of the facts stated above as well as the relevant dates clearly reveal that the

---

[1] Plaintiffs' causes of action are set out on page 5 and 6 of his amended civil complaint. He lists as an additional cause of action "Action In Rem." This is not an independent cause of action, but this technical term is generally "...applied to actions between parties, where the direct object is to reach and dispose of property owned by them..." Black's Law Dictionary, 5th Edition.

0011

Plaintiff's suit for fraud and fiduciary duty were filed more than four years after the Deed was filed and thus his suit is barred by the statute of limitations.

Section 13.002 of the Texas Property Code states in relevant part that "An instrument that is properly recorded in the proper county is: (1) notice to all persons of the existence of the instrument..." *See attached Exhibit "I"*.

The Plaintiff voluntarily signed the Warranty Deed complained of on February 5, 1998.[2] *See Exhibit "E"* – Plaintiff's Amended Complaint page 11 and *Exhibit "H"* – Warranty Deed. Therefore, according to the Property Code Section 13.002 and case law analyzing this section, Plaintiff was placed on notice no later than February 12, 1998 that he had a cause or causes of action against Defendant. Plaintiff's failure to file his lawsuit within four years of the statute of limitations bars his lawsuit from proceeding as against Defendant or any of other interested parties.

## X.

The pleadings on file in this lawsuit, as well as the court's docket sheet and the citation issued to the Defendant, show that there is no issue as to any material fact and that Intervenor, ANA LISA GARZA is entitled to judgment as a matter of law. Intervenor ANA LISA GARZA further supports her Motion for Summary Judgment on the undisputed evidence outlined herein and sets forth the relevant case law, which, as a matter of law, entitles her to judgment.

## XI.

The following exhibits are attached hereto and made part of this motion:

1. Exhibit "A" – Deed;

1. Exhibit "B" – Motion to File a Complaint for Fraud in Violation of the Laws of the United States of America ;

---

[2] Plaintiff appears to admit that the signature is his, but also states that he did not know that he was signing a deed. "[Plaintiff was] not informed that a warranty deed was being signed..." *See Exhibit "H"* page 11.

0012

2.      Exhibit "C" – Final Judgment;

3.      Exhibit "D" – Motion for Recovery of Damages and Claim of Fraud;

4.      Exhibit "E" – Amended Civil Complaint for Breach of Fiduciary Duty and Fraud; Action In Rem regarding Forty-Eight and 48/100 (48.48) acres of land;

5.      Exhibit "F" – Court's Motion and Order of Dismissal for Lack of Prosecution;

6.      Exhibit "G" – Memorandum Opinion;

7.      Exhibit "H" – Deed;

8.      Exhibit "I" – Texas Property Code §13.002; and

9.      Exhibit "J" – Docket Sheet.

## XII.

Movant believes that the Plaintiff's causes of action as against Defendant are clearly barred by the statute of limitations as they were not filed timely. However, and in the alternative, should the Court believe that the Plaintiff's initial state court pleading filed on December 18, 2000, constitutes a timely filing of the fraud cause of action then Movant would show this Court that Plaintiff failed to use due diligence in seeking to have the lawsuit served upon Defendant. A review of the attached Docket Sheet clearly indicates that the Plaintiff did not ever seek service of citation for the December 18, 2000 filing. It was not until his Amended Civil Complaint was filed, after the statute of limitations had run, that Plaintiff sought service upon Defendant.

As a matter of law, the Plaintiff did not use due diligence in procuring issuance and service of citation to Defendant JESUS MARIA ALVAREZ. A defendant who conclusively establishes all the elements of an affirmative defense is entitled to a summary judgment as a matter of law. _Cathey vs. Booth_, *900 S.W. 2d 339, 341 (Tex.1995).*

0013

# XIII.
## LEGAL AUTHORITY

Plaintiff's delay in serving Defendant constitutes a lack of due diligence as a matter of law. *Gant vs. De Leon*, 786 S.W. 2d 259, 260 (Tex.1990); *Gonzalez vs. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587 (Tex.App.-Corpus Christi 1994, no writ).

The established rule is that the filing of a suit will not toll the statute of limitations. *Rigo Mfg. Co. vs. Thomas*, 458 S.W. 2d 180, 182 (Tex. 1970). To toll the statute of limitations, a Plaintiff must not only file suit within the limitations period, but must also exercise due diligence in procuring the issuance and service of citation. *Gant vs. De Leon*, 786 S.W. 2d at 260. The required standard of diligence is that diligence which an ordinary prudent person would have used under the same or similar circumstances. *Gonzalez vs. Phoenix Frozen Foods, Inc.*, 884 S.W.2d at 590. The existence of diligence is generally a question of fact, but if the time lapses and the Plaintiff's acts conclusively negate diligence, a lack of due diligence will be found as a matter of law. *Hansler vs. Mainka*, 807 S. W. 2d 3, 5 (Tex.App.-Corpus Christi, no writ). See also *Taylor vs. Thompson*, 4 S. W. 3d 63 (Tex. App. - Houston [1st Dist.] 1999, pet'n denied).

Texas courts have routinely dismissed lawsuits for the failure of Plaintiff to diligently serve Defendant. For example, in *Hansler vs. Mainka*, 807 S.W. 2d 3 (Civ. App. - Corpus Christi 1991, no writ history), the Court of Appeals affirmed a take nothing judgment in favor of Mainka after finding limitations barred Hansler's suit. Hansler filed suit on August 8, 1988 within the period of limitations, however, Hansler did not issue a citation until February 1, 1989, over five (5) months after filing the lawsuit. The court held that the delay of five (5) months was, as a matter of law, not due diligence in procuring issuance and the service of citation. Thus, Hansler's suit was barred by the statute of limitations. *807 S. W. 2d at 5.* See also *Allen v. Bentley Laboratories, Inc.*, 538 S. W. 2d 857 (Civ. App. - San Antonio, 1976, writ ref'd n. r. e.)

0014

(Six months between filing and service); *Buie v. Couch*, 126 S. W. 2d 565 (Civ. App. - Waco, 1939, writ ref'd) (3 3/4 months between filing and issuance of citation and one months between issuance and service). Furthermore, in *Hamilton v. Goodson*, 578 S. W. 2d 448 (Civ. App. - Houston [1st Dist.] 1979, no writ hist.), the unexplained delay in service of citation in excess of six months was as a matter of law, not due diligence in procuring the issuance and service of citation. *578 S. W. 2d 434 (Civ. App. - Houston [14th Dist.] 1975, writ ref'd n. r. e.).*

In addition, other more recent cases further delineate what is **not** due diligence; See *Taylor vs. Thompson*, 4 S. W. 3d 63, 65 (Tex. App. - Houston [1st Dist.] 1999, pet. Denied) (Affirming summary judgment in favor of Defendant where Plaintiffs filed Petition four months before statute ran but did not have the Defendant served until one (1) week after the statute ran); and *Rodriguez v. Tinsman & Hower, Inc.*, 13 S. W. 3d 47, 49-50 (Tex. App. - San Antonio 1999, pet. denied) (Affirming Summary Judgment for Defendants on the basis that Plaintiff failed to show due diligence despite filing suit eleven (11) days before the statute ran but did not serve Defendants until three and one-half (3 2) weeks after the statute ran). As a matter of law, due diligence was not used by the Plaintiff in order to effectuate service on Defendant, JESUS MARIA ALVAREZ.

It is the responsibility of the party requesting service to ensure that service is properly accomplished. *Primate Construction, Inc., vs. Silver*, 884 S. W. 2d 151, 152 (Tex.1994); *Aguilar vs. Stone*, 901 S.W.2d 955 (Tex.App.-Houston [1st Dist.] 1995, no writ). The Courts have consistently held that delays in obtaining service constitutes a lack of due diligence as a matter of law. *See Instruments Specialties Co., vs. Texas Employment Commission*, 924 S.W. 2d 420 (Tex.App.-Ft. Worth 1996, writ denied) (Six months); *Hansler vs. Mainka*, 807 S.W.

0015

*2nd, 3 (Tex.App.-Corpus Christi 1991, no writ), (Five months); Allen vs. Bentley Laboratories, 538, S.W. 2d 857 (Tex.Civ.App.-San Antonio, 1976, writ ref'd n.r.e.) (Six months).*

If this Court considers the December 18, 2000 pleading filed by the Plaintiff on December 18, 2000 as being filed within the statute of limitations, Movant would show this Court that Plaintiff failed to exercise due diligence in seeking service of process on this pleading. A review of the attached Docket Sheet (*Exhibit "J"*) clearly shows that process was not sought until after February 15, 2002, in fact the Docket Sheet reflects that the Defendant was not served with process until February 25, 2002. The initial state court complaint (*Exhibit "D"*) was filed on December 18, 2000. Thus, the record clearly reflects that Defendant was not served with process until one year and two months after the initial state court pleading. A review of the cases cited above clearly shows that one year and two months does not constitute due diligence and that therefore Plaintiff's cause of action, even under the initial state court pleading is barred by the statute of limitations.

The Plaintiff did not use due diligence in serving Defendant JESUS MARIA ALVAREZ. Accordingly, Plaintiff's claims against Defendant JESUS MARIA ALVAREZ are barred pursuant to the four year statute of limitations. *See Civil Practice and Remedies Code 16.004(a)(4).*

## XIV.
## CONCLUSION

The aforementioned and undisputed summary judgment evidence demonstrates that Defendant, JESUS MARIA ALVAREZ is not liable to the Plaintiff SERGIO ALANIZ, SR. based on the expiration of the statute of limitations. Defendant JESUS MARIA ALVAERZ and Intervenor ANA LISA GARZA are entitled to a summary judgment as a matter of law since they

0016

have conclusively proved their affirmative defense. *Parkplace Hospital vs. Estate of Milo*, 909 S. W. 2d 508, 509 (Tex.1995).

## XV.
## RELIEF REQUESTED

Intervenor therefore requests that declaratory judgment be entered as follows:

1)      That Defendant JESUS MARIA ALVAREZ, by virtue of the conveyance made by Plaintiff SERGIO ALANIZ, SR. to Defendant JESUS MARIA ALVAREZ, be declared as the sole and lawful owner of the above-described property and that any and all clouds of title created by the filing of the frivolous lis pendens by Plaintiffs and subsequent deeds executed by Plaintiffs be removed;

2)      That the Plaintiff's causes of action as against Defendant and Intervenor are barred by the statute of limitations.

3)      That Intervenor ANA LISA GARZA, by virtue of subsequent conveyance of the subject real property by Defendant JESUS MARIA ALVAREZ to Intervenor ANA LISA GARZA, be declared as the sole and lawful owner of the above-described property and that any and all clouds on title created by the filing of the frivolous lis pendens by Plaintiffs, by subsequent deeds executed by Plaintiffs, and by filing of this lawsuit, be removed.

WHEREFORE, PREMISES CONSIDERED, Intervenor and Movant ANA LISA GARZA, prays that this motion be set for hearing, and that upon said hearing, the court enter a final judgment that the Plaintiff take nothing in this suit against Defendant JESUS MARIA ALVAREZ, that Intervenor ANA LISA GARZA recover costs from Plaintiff and that Intervernor ANA LISA GARZA obtain such other and further relief as specified above and to

0017

which she may be justly entitled.

Respectfully Submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
10225 N. 10th Street
McAllen, Texas 78504
Tel. (956) 393-6300
Fax (956) 386-1625

Victor V. Vicinaiz
Texas Bar No.: 20562300

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 27th day of August, 2010 a true and correct copy of the foregoing document has been forwarded to opposing counsel as follows:

**VIA CMRRR and Regular Mail:**
Sergio Alaniz, Sr.
ID No. 79825-079 GB
Federal Prison Camp
P.O. Box 26010
Beaumont, Texas 77720-6010

**VIA REGULAR MAIL:**
J. M. Alvarez
501 N. Britton Ave.
Rio Grande City, Texas 78582

**VIA REGULAR MAIL:**
Ana Lisa Garza
THE LAW FIRM OF ANA LISA GARZA, P.L.L.C.
509 N. San Antonio
Rio Grande City, Texas 78582

Victor V. Vicinaiz

0018



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00517-CV

Sergio ALANIS, Sr.,
Appellant

v.

Jesus Maria ALVAREZ, Alvarez & Associates,
and Ana Lisa Garza,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-00-328
The Honorable Federico Hinojosa, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  October 9, 2013

REVERSED AND REMANDED

On December 18, 2000, appellant, Sergio Alanis, who was pro se below and on appeal, filed a "Motion for Recovery of Damages and Claim of Fraud" ("motion for recovery") naming only Jesus Maria Alvarez as a "defendant." This "motion for recovery" raised no causes of action or claims for relief, but stated Alanis would file his complaint for fraud against the defendant for recovery of real property. On February 15, 2002, Alanis filed a "Civil Complaint for Breach of Fiduciary Duty and Fraud; Action in Rem Regarding Forty-Eight and 48/100 (48.48) Acres of

**EXHIBIT "B"**

Land" ("complaint") naming Jesus Maria Alvarez and Alvarez & Associates as defendants (collectively, "Alvarez"). In his complaint, Alanis alleged Alvarez, who had represented him in various legal matters since 1991, (1) breached a fiduciary duty to him by unlawfully taking and conveying Alanis's real property into the sole ownership of Jesus Alvarez on February 12, 1998, and (2) fraudulently concealed the conversion of the property. Alanis asserted he did not become aware of the conveyance until December 1, 1999. Alanis served Alvarez on February 25, 2002.[1] On January 8, 2010, appellee Ana Lisa Garza intervened asserting she was the current legal owner of the real property by virtue of a conveyance from Jesus Alvarez.

In separate motions, Alvarez and Garza moved for summary judgment on the affirmative defense of limitations, arguing Alanis's suit was barred by the four-year statute of limitations applicable to breach of fiduciary duty and fraud claims because the deed about which Alanis complained was signed by Alanis on February 5, 1998 and filed with the county clerk on February 12, 1998, but Alanis did not file his "complaint" until February 15, 2002. Alternatively, Alvarez and Garza argued that if the trial court accepted the December 18, 2000 "motion for recovery" as timely initiating suit, then Alanis's claims were still time-barred because Alanis failed to use due diligence by not obtaining service on Alvarez until February 25, 2002. The trial court granted Garza's motion in an interlocutory order and later granted both motions in a final judgment.

## DISCUSSION

The standard for reviewing a traditional summary judgment is whether the movant carried its burden of showing there is no genuine issue of material fact and judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d

---

[1] In 2007, the trial court dismissed Alanis's lawsuit for want of prosecution. This court reversed the order and remanded for further proceedings. *See Alanis v. Alvarez*, No. 04-08-00221-CV, 2009 WL 962535 (Tex. App.—San Antonio Apr. 8, 2009, no pet.) (mem. op.).

746, 748 (Tex. 1999). When, as here, the defendant moves for summary judgment on the affirmative defense of limitations, the movant bears the burden to conclusively establish that defense. *Id.* Thus, the defendant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered the nature of its injury. *Id.*; *Potter v. Kaufman & Broad Home Sys. of Tex., Inc.*, 137 S.W.3d 701, 704 (Tex. App. San Antonio 2004, no pet.). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick*, 988 S.W.2d at 748.

In his complaint, Alanis stated several times that he did not become aware of the conveyance until 1999, thus raising the application of the discovery rule. If the discovery rule applies to defer or toll the running of the statute of limitations, then Alanis timely filed his complaint and served Alvarez within the limitations period.[2] However, in their summary judgment motions, neither Alvarez nor Garza attempted to negate the discovery rule. Therefore, they were not entitled to summary judgment as a matter of law on their affirmative defense of limitations. Accordingly, we reverse the trial court's judgment and remand for further proceedings.

Sandee Bryan Marion, Justice

---

[2] *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) ("When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service.").



# Fourth Court of Appeals
## San Antonio, Texas

## JUDGMENT

No. 04-12-00517-CV

Sergio ALANIS, Sr.,
Appellant

v.

Jesus Maria **ALVAREZ**, and Alvarez & Associates,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-00-328
The Honorable Federico Hinojosa, Judge Presiding

BEFORE CHIEF JUSTICE STONE, JUSTICE MARION, AND JUSTICE ALVAREZ

In accordance with this court's opinion of this date, the trial court's judgment is REVERSED and the cause REMANDED to the trial court for further proceedings. Because appellant is indigent, costs are assessed against the party that incurred them.

SIGNED October 9, 2013.

Sandee Bryan Marion, Justice

# M A N D A T E

**THE STATE OF TEXAS**

**TO THE 381ST JUDICIAL DISTRICT COURT OF STARR COUNTY, GREETINGS:**

Before our Court of Appeals for the Fourth District of Texas on October 9, 2013, the cause upon appeal to revise or reverse your judgment between

Sergio Alanis, Sr., Appellant

V.

Jesus Maria Alvarez, and Alvarez & Associates, Appellee

No. 04-12-00517-CV and Tr. Ct. No. DC-00-328

was determined, and therein our said Court of Appeals made its order in these words:

**In accordance with this court's opinion of this date, the trial court's judgment is REVERSED and the cause REMANDED to the trial court for further proceedings. Because appellant is indigent, costs are assessed against the party that incurred them.**

WHEREFORE, WE COMMAND YOU to observe the order of our said Court of Appeals for the Fourth District of Texas, in this behalf and in all things have the order duly recognized, obeyed, and executed.

WITNESS the Hon. Catherine Stone, Chief Justice of the Court of Appeals for the Fourth District of Texas, with the seal of the Court affixed and the City of San Antonio on December 18, 2013.

KEITH E. HOTTLE, CLERK

Cynthia A. Martinez
Deputy Clerk, Ext. 3853

CAUSE NO. DC-00-328

| | | |
|---|---|---|
| SERGIO ALANIZ, SR. and MARIA GUADALUPE ALANIZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs | § § | |
| vs. | § § | 381ˢᵗ JUDICIAL DISTRICT |
| JESUS MARIA ALVAREZ and ALVAREZ & ASSOCIATES, | § § § | |
| Defendants | § § | |
| ANA LISA GARZA | § § | |
| Intervenor | § | STARR COUNTY, TEXAS |

## INTERVENOR'S SECOND MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANA LISA GARZA, Intervenor, in the above styled and numbered cause and hereby files this her Second Motion for Summary Judgment against Plaintiff, SERGIO ALANIZ, SR., (hereinafter referred to as "Plaintiff"), and in support of this Motion, Intervenor would show the Court the following:

### I.

This Motion for Summary Judgment is requested against Plaintiff on the grounds that Plaintiff's claims as Intervenor are barred by the statute of limitations.

### II.

Pursuant to Texas Rules of Civil Procedure 166a, Intervenor, ANA LISA GARZA, moves for a summary judgment because the uncontradicted Summary Judgment evidence establishes as a matter of law that the Plaintiff's claims against Intervenor ANA LISA GARZA are barred by the statute of limitations.

**EXHIBIT "C"**

# III.
## FACTS

Plaintiff premises his causes of action against Defendant JESUS MARIA ALVAREZ on alleged fraud and breach of fiduciary duties in relation to conveyance of the subject real property by Plaintiff to Defendant JESUS MARIA ALVAREZ on *February 5, 1998*. Defendant JESUS MARIA ALVAREZ contends that such conveyance was made as partial payment for legal fees paid for Defendant JESUS MARIA ALVAREZ'S legal representation for Plaintiff SERGIO ALANIZ, SR. in connection with federal criminal charges brought against the same.

Defendants JESUS MARIA ALVAREZ and ALVAREZ & ASSOCIATES filed an Answer and a counterclaim for declaratory judgment to remove Cloud on Title to the subject real property. Defendant JESUS MARIA ALVAREZ conveyed the subject real property to Intervenor ANA LISA GARZA for consideration, by duly executed Deed dated *February 5, 1998* real Deed Record of Starr County Texas Volume 599, Page 68. *See Exhibit* "A." Intervenor ANA LISA GARZA claims legal ownership to the subject real property by virtue of a deed conveying title of the same to her. The subject real property is described as follows:

THE SURFACE AND THE SURFACE ONLY in and to Forty-eight and 48/100 (48.48) acres of land, more or less, out of forming a part of portion of the east half (E/2) of Porcion No. Eighty-Three (83 Ancient Jurisdiction of Camargo, now situated in Starr County, Texas ,and being more particularly described by metes and bounds as follows; to-wit:

BEGINNING at a point of the center line of Road, in the E/2 of the portion No.83,Camargo Jurisdiction, which is distant ,S. 26* 59' 07' E.,1340.57 feet from the intersection of the dividing line between W/2 and E/2 of the Porcion No.83,Camargo Jurisdiction with the center line of Charco Blanco Road, for S.W corner hereof;

THENCE N.59* 52'E. 437.22 feet, to an iron rod, for bend in line;

THENCE N. 09* 15' E., 853.54 feet, to an iron rod, for an Inner corner hereof;

THENCE N.80*45'W., 208.7 feet, to an iron rod, for a corner hereof;

THENCE N. 09*15'E.1129.33 feet, to an iron rod, for an Inner corner hereof;

THENCE N.80*45'W., 208.7 feet, to an iron rod, foe a corner hereof;

THENCE N.09*15' E., 458.6 feet, to an iron rod, for N.W. corner hereof;

THENCE S.80*45' E., 838.9 feet, to an iron rod, for N.E corner hereof;

THENCE S.09*15'W., 1623.11 feet, to an iron rod, for an Inner corner hereof;

THENCE S.80*45'E., 125.0 feet, to an iron rod, for the most Easterly N.E corner hereof;

THENCE S.09*15'W, 752.3 feet, to an iron rod, for most Easterly S.E corner hereof;

THENCE N.80*45'W., 125.0 feet, to an iron rod, for an Inner corner hereof;

THENCE S.09*15'W., 614.2 feet, to an iron rod, for Bend Line;

THENCE S.59*52'W., 688.1 feet, to an iron rod, for S.E corner hereof;

THENCE with the center line of Charco Blanco Road , N.23*07'W., 417.4 feet to the place of BEGINNING and containing within these metes and bounds 48.48 acres of land, more or less.

## IV.
## COURSE OF PROCEEDINGS

On *July 18, 2000*, Plaintiff SERGIO ALANIZ, SR. attempted to file suit against JESUS MARIA ALVAREZ by document entitled "Motion to File a Complaint for Fraud in Violation of the Laws of the United States of America" in the United States District Court for the Eastern District of Texas, Texarkana Division. *See Exhibit* "B". On *November 9, 2000*, the Court dismissed Plaintiff's Complaint finding that the Court lacked jurisdiction over the matter. *See Exhibit* "C".

Thereafter, on *December 18, 2000*, Plaintiff SERGIO ALANIZ, SR. again attempted to sue Defendant, JESUS MARIA ALVAREZ by filing a "Motion for Recovery of Damages and Claim of Fraud." *See attached Exhibit* "D". This "pleading" which consisted of one page and only three paragraphs alleged only fraud as against Defendant, JESUS MARIA ALVAREZ.

Plaintiff, SERGIO ALANIZ, SR. did not ask for, nor was citation issued for his July 18, 2000 federal court filing and for his December 18, 2000 state court filing.

On *February 15, 2002*, Plaintiff filed an "Amended Civil Complaint for Breach of Fiduciary Duty and Fraud; Action In Rem regarding Forty-Eight and 48/100 (48.48) acres of land". *See Exhibit "E"*. Thereafter, Plaintiff SERGIO ALANIZ, SR. requested service of citation and Defendant, JESUS MARIA ALVAREZ was served with process of *February 25, 2002*.

Defendant, JESUS MARIA ALVAREZ and ALVAREZ & ASSOCIATES filed their Original Answer on *March 28, 2002*.

Thereafter, on April 26, 2002, Plaintiffs filed a "Permissive Joinder of Parties" seeking to have added to the lawsuit Plaintiffs' children Suzie Alaniz, Sergio Alaniz, Jr., and Alonzo Alaniz.

Finally, on *January 8, 2010*, Intervenor Ana Lisa Garza filed her Original Petition in Intervention.

## V.
## DISMISSAL OF PLAINTIFFS' SUIT

On April 11, 2007, this court on its own motion dismissed the claims of all Plaintiffs - SERGIO ALANIZ, SR., MARIA GUADALUPE ALANIZ, SUZIE ALANIZ, SERGIO ALANIZ, JR. AND ALONZO ALANIZ. *See Exhibit "F"*.

## VI.
## APPEAL

An appeal was filed challenging this trial court's Order of Dismissal. Only SERGIO ALANIZ, SR. pursued the appeal and the remaining Plaintiffs failed to do so. *See Exhibit "G"* pg. 1. The Appellate Court reversed the trial court's Order of Dismissal and remanded the case as to Sergio Alaniz, Sr. only. *See Exhibit "G"* pages 5 & 6.

## VII.
## CURRENT PARTIES

Therefore, the only Plaintiff in this lawsuit is SERGIO ALANIZ, SR. The Defendant in this lawsuit is JESUS MARIA ALVAREZ D/B/A ALVAREZ & ASSOCIATES and Intervenor, ANA LISA GARZA's via her Petition in Intervention.

## VIII.
## STATUTE OF LIMITATIONS

The Plaintiffs' current pleading alleges breach of fiduciary duty and fraud.[1]

A cause of action for breach of fiduciary duty has a four year statute of limitations. *Civil Practice and Remedies Code*, §16.004(a)(5).

The cause of action for fraud also has a four year statute of limitations. *Civil Practice & Remedies Code*, §16.004(a)(4).

Intervenor was a necessary party who should have been included in the Original State Action. Plaintiff's causes of action are barred by the statute of limitations. Plaintiff complains that Defendant breached its fiduciary duty to Plaintiff and further committed fraud by the act of causing the deed referenced in his petition to be signed in favor of Defendant. This deed complained of was signed by Plaintiff on February 5, 1998 and filed with the County Clerk on February 12, 1998. *See Exhibit* "E", Plaintiff's Amended Complaint pages 10-11 and Deed attached as *Exhibit* "H".

A review of the facts stated above as well as the relevant dates clearly reveal that the Plaintiff's suit for fraud and fiduciary duty were filed more than four years after the Deed was filed and thus his suit is barred by the statute of limitations.

---

[1] Plaintiffs' causes of action are set out on page 5 and 6 of his amended civil complaint. He lists as an additional cause of action "Action In Rem." This is not an independent cause of action, but this technical term is generally "...applied to actions between parties, where the direct object is to reach and dispose of property owned by them..." Black's Law Dictionary, 5th Edition.

Section 13.002 of the Texas Property Code states in relevant part that "An instrument [Deed Recorded December 12, 1998] that is properly recorded in the proper county is: (1) notice to all persons of the existence of the instrument..." *See attached Exhibit* "I".

The Plaintiff voluntarily signed the Warranty Deed complained of on February 5, 1998.[2] *See Exhibit* "E" – Plaintiff's Amended Complaint page 11 and *Exhibit* "H" – Warranty Deed. Therefore, according to the Property Code Section 13.002 and case law analyzing this section, Plaintiff was placed on notice no later than February 12, 1998 that he had a cause or causes of action against Defendants. Plaintiff's failure to file his lawsuit within four years of the statute of limitations bars his lawsuit from proceeding as against Defendants.

### IX.

Intervenor was not sued by the Plaintiff timely. Intervenor is Record holder of real property in dispute and a necessary party.

### X.

The pleadings on file in this lawsuit, as well as the court's docket sheet and the citation issued to the Defendant, Alvarez, Intervenor will show that there is no issue as to any material fact and she is entitled to judgment as a matter of law. Intervenor further supports their Motion for Summary Judgment on the undisputed evidence outlined herein and sets forth the relevant case law, which, as a matter of law, entitles her to judgment.

### XI.

The following exhibits are attached hereto and made part of this motion:

1.      Exhibit "A" – Deed; (December 12, 1998)

---

[2] Plaintiff appears to admit that the signature is his, but also states that he did not know that he was signing a deed. "[Plaintiff was] not informed that a warranty deed was being signed..." *See Exhibit* "H" page 11.

2. Exhibit "B" — Motion to File a Complaint for Fraud in Violation of the Laws of the United States of America; (July 18, 2000)

3. Exhibit "C" — Final Judgment;

4. Exhibit "D" — Motion for Recovery of Damages and Claim of Fraud; (November 6, 2000)

5. Exhibit "E" — Amended Civil Complaint for Breach of Fiduciary Duty and Fraud; Action In Rem regarding Forty-Eight and 48/100 (48.48) acres of land; (February 18, 2002)

6. Exhibit "F" — Court's Motion and Order of Dismissal for Lack of Prosecution;

7. Exhibit "G" — Memorandum Opinion;

8. Exhibit "H" — Deed; (January 17, 2007)

9. Exhibit "I" — Texas Property Code §13.002; and

10. Exhibit "J" — Docket Sheet.

## XII.

The Plaintiff's causes of action as against Intervenor and Defendant, Alvarez, are clearly barred by the statute of limitations as they were not filed timely. However, and in the alternative, should the Court believe that the Plaintiff's initial state court pleading filed on December 18, 2000, constitutes a timely filing of the fraud cause of action then Movant would show this Court that Plaintiff failed to use due diligence in seeking to have the lawsuit served upon Defendant, Alvarez. A review of the attached Docket Sheet clearly indicates that the Plaintiff did not ever seek service of citation for the December 18, 2000 filing. It was not until his Amended Civil Complaint was filed, after the statute of limitations had run, that Plaintiff sought service upon Defendant, Alvarez.

As a matter of law, the Plaintiff did not use due diligence in procuring issuance and service of citation to Defendant JESUS MARIA ALVAREZ. A defendant who conclusively

establishes all the elements of an affirmative defense is entitled to a summary judgment as a matter of law. *Cathey vs. Booth, 900 S.W. 2d 339, 341 (Tex.1995).*

## XIII.
## LEGAL AUTHORITY

Plaintiff's delay in serving Defendant constitutes a lack of due diligence as a matter of law. *Gant vs. De Leon, 786 S.W. 2d 259, 260 (Tex.1990); Gonzalez vs. Phoenix Frozen Foods, Inc., 884 S.W.2d 587 (Tex.App.-Corpus Christi 1994, no writ).*

The established rule is that the filing of a suit will not toll the statute of limitations. *Rigo Mfg. Co. vs. Thomas, 458 S.W. 2d 180, 182 (Tex. 1970).* To toll the statute of limitations, a Plaintiff must not only file suit within the limitations period, but must also exercise due diligence in procuring the issuance and service of citation. *Gant vs. De Leon, 786 S.W. 2d at 260.* The required standard of diligence is that diligence which an ordinary prudent person would have used under the same or similar circumstances. *Gonzalez vs. Phoenix Frozen Foods, Inc., 884 S.W.2d at 590.* The existence of diligence is generally a question of fact, but if the time lapses and the Plaintiff's acts conclusively negate diligence, a lack of due diligence will be found as a matter of law. *Hansler vs. Mainka, 807 S. W. 2d 3, 5 (Tex.App.-Corpus Christi, no writ).* See also *Taylor vs. Thompson, 4 S. W. 3d 63 (Tex. App. - Houston [1st Dist.] 1999, pet'n denied).*

Texas courts have routinely dismissed lawsuits for the failure of Plaintiff to diligently serve Defendant. For example, in *Hansler vs. Mainka, 807 S.W. 2d 3 (Civ. App. - Corpus Christi 1991, no writ history),* the Court of Appeals affirmed a take nothing judgment in favor of Mainka after finding limitations barred Hansler's suit. Hansler filed suit on August 8, 1988 within the period of limitations, however, Hansler did not issue a citation until February 1, 1989, over five (5) months after filing the lawsuit. The court held that the delay of five (5) months was, as a matter of law, not due diligence in procuring issuance and the service of citation. Thus,

Hansler's suit was barred by the statute of limitations. *807 S. W. 2d at 5.* See also *Allen v. Bentley Laboratories, Inc.,* 538 S. W. 2d 857 (Civ. App. - San Antonio, 1976, writ ref'd n. r. e.) (Six months between filing and service); *Buie v. Couch,* 126 S. W. 2d 565 (Civ. App. - Waco, 1939, writ ref'd) (3 3/4 months between filing and issuance of citation and one months between issuance and service). Furthermore, in *Hamilton v. Goodson,* 578 S. W. 2d 448 (Civ. App. - Houston [1st Dist.] 1979, no writ hist.), the unexplained delay in service of citation in excess of six months was as a matter of law, not due diligence in procuring the issuance and service of citation. *578 S. W. 2d 434 (Civ. App. - Houston [14th Dist.] 1975, writ ref'd n. r. e.).*

In addition, other more recent cases further delineate what is **not** due diligence; See *Taylor vs. Thompson,* 4 S. W. 3d 63, 65 (Tex. App. - Houston [1st Dist.] 1999, pet. Denied) (Affirming summary judgment in favor of Defendant where Plaintiffs filed Petition four months before statute ran but did not have the Defendant served until one (1) week after the statute ran); and *Rodriguez v. Tinsman & Hower, Inc.,* 13 S. W. 3d 47, 49-50 (Tex. App. - San Antonio 1999, pet. denied) (Affirming Summary Judgment for Defendants on the basis that Plaintiff failed to show due diligence despite filing suit eleven (11) days before the statute ran but did not serve Defendants until three and one-half (3 2) weeks after the statute ran). As a matter of law, due diligence was not used by the Plaintiff in order to effectuate service on Defendant, JESUS MARIA ALVAREZ.

It is the responsibility of the party requesting service to ensure that service is properly accomplished. *Primate Construction, Inc., vs. Silver,* 884 S. W. 2d 151, 152 (Tex.1994); *Aguilar vs. Stone,* 901 S.W.2d 955 (Tex.App.-Houston [1st Dist.] 1995, no writ). The Courts have consistently held that delays in obtaining service constitutes a lack of due diligence as a matter of law. See *Instruments Specialties Co., vs. Texas Employment Commission,* 924 S.W.

*2d 420 (Tex.App.-Ft. Worth 1996, writ denied) (Six months); Hansler vs. Mainka, 807 S.W. 2nd, 3 (Tex.App.-Corpus Christi 1991, no writ), (Five months); Allen vs. Bentley Laboratories, 538, S.W. 2d 857 (Tex.Civ.App.-San Antonio, 1976, writ ref'd n.r.e.) (Six months).*

If this Court considers the December 18, 2000 pleading filed by the Plaintiff on December 18, 2000 as being filed within the statute of limitations, Movant would show this Court that Plaintiff failed to exercise due diligence in seeking service of process on this pleading. A review of the attached Docket Sheet (*Exhibit* "J") clearly shows that process was not sought until after February 15, 2002, in fact the Docket Sheet reflects that Defendant, Alvarez was not served with process until February 25, 2002. The initial state court complaint (*Exhibit* "D") was filed on December 18, 2000. Thus, the record clearly reflects that Defendant, Alvarez was not served with process until one year and two months after the initial state court pleading. A review of the cases cited above clearly shows that one year and two months does not constitute due diligence and that therefore Plaintiff's cause of action, even under the initial state court pleading is barred by the statute of limitations.

The Plaintiff did not use due diligence in serving Defendant JESUS MARIA ALVAREZ. Accordingly, Plaintiff's claims against Defendant JESUS MARIA ALVAREZ are barred pursuant to the four year statute of limitations. *See Civil Practice and Remedies Code 16.004(a)(4)*. Since claims are barred against Defendant, Alvarez, claims against Intervenor are likewise barred.

## XIV.
## CONCLUSION

The aforementioned and undisputed summary judgment evidence demonstrates that Defendant, JESUS MARIA ALVAREZ is not liable to the Plaintiff SERGIO ALANIZ, SR.

based on the expiration of the statute of limitations and therefore Plaintiff's cause of action, if any, against Intervenor is also beyond the statute of limitations.

## XV.
## RELIEF REQUESTED

Intervenor therefore request that Declaratory Judgment be entered as follows:

1) That Intervenor ANA LISA GARZA, by virtue of the conveyance made by Plaintiff SERGIO ALANIZ, SR. to Defendant JESUS MARIA ALVAREZ and demand for JESUS MARIA ALVAREZ to ANA LISA GARZA, be declared as the sole and lawful owner of the above-described property and that any and all Clouds of Title created by the filing of the frivolous Lis Pendens by Plaintiff and subsequent deeds executed by Plaintiff be removed;

2) That the Plaintiff's causes of action as against Defendant and Intervenor are barred by the statute of limitations.

3) That Intervenor ANA LISA GARZA, by virtue of subsequent conveyance of the subject real property by Defendant JESUS MARIA ALVAREZ to Intervenor ANA LISA GARZA, be declared as the sole and lawful owner of the above-described property and that any and all Clouds on Title created by the filing of the frivolous Lis Pendens by Plaintiff, by subsequent deeds executed by Plaintiff, and by filing of this lawsuit, be removed.

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that this motion be set for hearing, and that upon said hearing, the court enter a final judgment that the Plaintiff take nothing in this suit against Intervenor ANA LISA GARZA, that recover costs from Plaintiff and that Intervenor obtain such other and further relief as specified above and to which she may be justly entitled.

Respectfully Submitted,

OXFORD & GONZALEZ
Attorneys at Law
124 S. 12ᵗʰ St.
Edinburg, Texas 78540
(956) 383-5654
(956) 381-0002 FAX

_____
Ricardo Gonzalez
State Bar No. 08131490
ATTORNEY FOR INTERVENOR
ANA LISA GARZA

## CERTIFICATE OF SERVICE

I, Ricardo Gonzalez the undersigned, hereby certify that on this ____ day of April, 2015, a true and correct copy of the foregoing document has been forwarded to opposing counsel as follows:

**VIA CMRRR:** 7011 1570 0002 2576 3120
Sergio Alaniz, Sr.
ID No. 79825-079 GB
Federal Prison Camp
P.O. Box 26010
Beaumont, Texas 77720-6010

**Via Facsimile (956) 487-7521**
Jesus Maria Alvarez
Alvarez & Associates
501 N. Britton Ave
Rio Grande City, Texas 78582
Telephone: (956) 487-4871

_____
RICARDO GONZALEZ

| | | |
|---|---|---|
| **SERGIO ALANIS, SR. ET AL** | § | **IN THE 381ST JUDICIAL** |
| **PLAINTIFFS** | § | |
| | § | |
| **VS.** | § | **DISTRICT COURT OF** |
| | § | |
| **JESUS MARIA ALVAREZ ET AL** | § | |
| **DEFENDANTS** | § | |
| | § | |
| **ANA LISA GARZA** | § | |
| **INTERVENOR** | § | **STARR COUNTY, TEXAS** |

### PLAINTIFFS' RESPONSE TO INTERVENOR'S SECOND MOTION FOR SUMMARY JUDGMENT

NOW COMES, **SERGIO ALANIS, SR., MARIA GUADALUPE ALANIS, SUSIE ALANIS, SERGIO ALANIS, JR. and ALONZO ALANIS,** Plaintiffs ask this Honorable Court to deny Intervenor's Second Motion for Summary Judgment.

1. Plaintiffs are Sergio Alanis Sr., Maria Guadalupe Alanis, Susie Alanis, Sergio Alanis Jr., and Alonzo Alanis.

2. Defendants are Jesus Maria Alvarez, Ana Lisa Garza and Alvarez & Associates.

3. Intervenor is Ana Lisa Garza.

4. Plaintiffs sue Defendants for breach of fiduciary duty, fraud, damages exemplary/ punitive damages, and title to real property referred to in the other pleading herein, the description of which is incorporated herein by reference and referred to herein as ( the " property").

### I.
### FACTS

1. Mr. Alanis and Mrs. Alanis purchased the property at issue in the underlying suit on or about May 25, 1988 described as Porcion No. Eighty-Three (83), containing 48 acres of real property with improvements, with an estimated value in excess of $400,000.00. The Plaintiffs placed all documents pertaining to the purchase of Porcion No. Eighty-Three (83) in the core of the Defendant(s).

**EXHIBIT "D"**

2. On January 27, 1998, Mr. Alanis was arrested and charged with violation of federal laws within The Southern District of Texas; On January 30, 1998 the Defendant's entered their appearance as Mr. Alanis's attorneys of record for his legal defense.

3. On January 30, 1998, The Honorable Judge Peter Ormsby, in open court informed attorney Alvarez that the US Government intended to seek forfeiture of the property at issue herein. *See Exhibit "A"*

4. Mr. Alanis, continued in his efforts to contact Defendant Jesus M. Alvarez, but said Defendant made himself unavailable, on September 23, 1998 Mr. Alanis fired and/or dismissed the herein Defendant as his counsel of record.

5. On or about February 06, 1998, Mrs. Alanis traveled to the law office of the Defendants for receipt of the foregoing stated power of attorney, and at that time rather than receiving said document; Mrs. Alanis received a copy of an "Attorney-Client Contract of Employment for Criminal Matters". Mrs. Alanis met with Mr. Alvarez and question the execution of said contract. According to Mrs. Alanis, Mr. Alvarez claimed that the contract was needed in order to avoid the U.S. Government Seizure/Forfeiture of the ranch/property and that he had no intention of actually keeping the property at issue herein. The contract is false, because Mr. Alanis and Mr. Alvarez never made such an agreement; in fact the contract was never presented to Mr. Alanis. It is further noted that the signature page of the contract is suspect, in that the pages are not numbered, and has only the date of execution signature line for "Mr. Alvarez Attorney in charge", and a signature line for Sergio Alanis, client. *See Exhibit-B pages 1-4 attached.*

6. On February 13, 1998, Mrs. Alanis obtained a copy of the power of attorney executed by Mr. Alanis on February 05, 1998, from Defendants' office. Plaintiffs did not noticed until December 01, 1999 that Defendant had removed the Notary-Public acknowledgment of Ms. Oliveira from the power of attorney, and substituted a Notary-Public acknowledgment dated February 13, 1998, of Ms. Nora F. Adams. Defendant's attached the signature page of the Warranty Deed to the power of attorney in the order to obtain Mr. Alanis's signature, once it was

signed by Mr. Alanis, the Defendant's removed the signature page and fraudulently attached it to the Warranty Deed. *See Exhibit-C, pages 1-2 attached.*

7. On or about June 01, 1998, Plaintiffs' were informed of a lawsuit which was pending against them by the State of Texas regarding property taxes owed from portion Eighty-Three (Cause No.97-2); said civil action was dismissed upon payment of said taxes. *See Exhibit-D pages 1-2 attached.*

8. On December 30, 1998, Mr. Alanis and Mrs. Alanis executed a Deed of Gift, giving, granting and conveying Pocion No. Eighty-Three (83) to their lawful heirs: Susie Alanis, Sergio Alanis Jr., and Alonzo Alanis. *See Exhibit-E, pages 1-3 attached.*

9. On August 24, 1999, Starr County Chief Appraiser Mr. Humberto Saenz, Jr., notified the Plaintiffs that the foregoing description Deed of Gift could not be processed due to the fact that the property could not be located within the Starr County Tax files. *See Exhibit-F, page 1 attached.*

10. Subsequent to an investigation into the foregoing stated matter, into the foregoing stated matter, on or about December 01, 1999, Mrs. Alanis was informed that Mr. Alvarez had, on February 12, 1998, filed a Warranty Deed conveying Porcion No. Eighty-Three (83) to Mr. Alvarez said Warranty Deed has been Starr County Official Record No. 195297. Defendants in furtherance of their wrongful, illegal and criminal scheme substituted the Notary acknowledgment of Ms. Adams on the power of attorney as a transparent cover-up in an attempt to explain that Mr. Alanis had intended to sign the document and alleged Warranty Deed on February 05, 1998 and the power of attorney February 12, 1998. *See Exhibit-G, pages 1-3 attached.*

11. Consequently Mr. Alanis initiated the underlying civil suit on or about July 03, 2000 against the defendants via civil complaint, said cause of action was dismissed without prejudice on November 09, 2000 for refiling in the District Court. *See Exhibit-H page 1 attached.*

12. On or about November 06, 2000, Mr. Alanis filed a civil suit within the Starr County District Court for the State of Texas. In relation to the claims that during and after Mr. Alvarez

representation of Mr. Alanis, Mr. Alvarez did unlawful procure property from the Plaintiffs by fraud and deceit. *See Exhibit-I pages 1-2 attached.*

13. On April 26, 2002, Plaintiffs filed their Permissive Joinder of Parties. *See Exhibit-J, pages 1-6 attached.*

14. In furtherance of their wrongful and illegal scheme, the Defendants have allegedly caused the property to be conveyed pursuant to that certain second alleged deed, dated January 17, 2007, by and between Mr. Alvarez as grantor and Ms. Garza as grantee and recorded in the real property of Starr County, Texas.

15. On or about April 26, 2007, Honorable Judge Jose Luis Garza, a member of Alvarez & Associates, who knew or should have known that he represented a conflict of interest on this case, instead of recusing himself from this case, Judge Garza dismissed this case for lack of prosecution.

16. On or about July 26, 2011, Mr. Alanis filed his Affidavit which establishes the following facts:

17. The property was the marital community real property of Mr. Alanis and Mrs. Alanis until December 08, 1998 when they conveyed the property to their children, Susie Alanis, Sergio Alanis Jr., and Alonzo Alanis. *See Exhibit-K, pages 1-2 attached.*

18. Mr. Alanis filed his controverting affidavit and controverting pleading to all the facts alleged by Defendants. Mr. Alanis raised controverting facts that include but not limited to a failure of lack of consideration, violation of the statute of frauds, and actual fraud. As a result of the above, the motions for summary judgment evidence to be entitled to the summary judgment as there are material issues of facts to be decided.

19. On March 05, 2002, Plaintiffs filed their citation by personal service. *See Exhibit-L pages 1-2 attached.*

20. On July 23, 2012, Honorable Judge Federico G. Hinojosa granted both Motions for Summary Judgment in a final Judgment.

21. On April 05, 2013, Plaintiffs filed their Appellants Opening Brief.

22. On June 06, 2013, Appellee/Intervenor filed their Response To Plaintiffs Opening Brief. *See Exhibit-N.*

23. On October 09, 2013, Honorable Catherine Stone, Chief of Justice, Honorable Sandee Bryan Marion, Justice and Honorable Patricia O. Alvarez, Justice, Denied Defendant/Intervenor argument and Remanded this case to the lower court. *See Exhibit-O*

## II.
## LAW

On July 23, 2012, this Honorable Court granted Mr. Alvarez and Ms. Garza's Motion for Summary Judgment. Ms. Garza is now misleading this Honorable Court again, because she filed an identical Motion for Summary Judgment with the same arguments, facts, and case law the only difference is the title. Ms. Garza is an attorney at law and a District Judge, she knows that the law of the land is: *When the Fourth Court of Appeals denied her arguments, she then had the right to present her argument to the Supreme Court, but she choose not to,* therefore this Honorable Court must deny Intervenor's Second Motion for Summary Judgment. *See Exhibits "N" and Exhibits "O".*

Defendant/Intervenor, Ana Lisa Garza (Mrs. Alvarez) is/was an attorney at law and the wife of Mr. Alvarez, Ms. Garza, has been sued as one of the Alvarez & Associates, who was a party of this law suit when Plaintiffs served a Civil Complaint against Jesus Maria Alvarez & Alvarez & Associates.

For over fifteen (15) years, Plaintiffs, have described the facts giving rise to their causes of action, including false concealment and their discovery of the Defendants deceitful conduct on or about December 01, 1999. Pursuant to the discovery rule, the accrual date of Plaintiffs limitation period was deferred until December 01, 1999. The Plaintiffs have described the discovery of Defendants conduct in all documents filed with the lower court that called for a statement of facts including, but not limited to motion to file a complaint for fraud in violation of the laws of the United States of America, July 18, 2000, Motion for Recovery of Damages and claim of fraud, December 18, 2000; Amended Civil Complaint for Breach of Fiduciary Duty and

Fraud, February 15, 2002; Plaintiff's First Supplemental Petition and Plaintiff's Response to Intervenor's First Amended Original Petition in Intervention, October 14, 2010, Plaintiff's Response to Intervenor's Motion for Summary Judgment, September 30, 2011, and Plaintiff's Response to Defendant's Motion for Summary Judgment, January 11, 2012. Plaintiffs at least eight (8) different trial court pleadings have described the discovery of the facts that give rise to their causes of action against Defendants pursuant to the discovery rule. Defendants have never denied, contradicted, or suggested another method that Plaintiffs first learned of Defendants deceit and fraudulently concealment. It is disingenuous for Defendants to now suggest otherwise. Defendants claims are not credible enlighten of their prior conduct.

## III.
## SUBSTANCE OVER FORM

The fundamental premise underlying the discovery rule is the substance over form doctrine created by the *United States Supreme Court in Gregory V. Helvering, 293 U.S. 465, 55 S. Ct. 266, 79 L. Ed. 596 (1935), Trans Capital Leasing Assocs. 1990-II, L.P.V. United States, 2006 U.S. App. Lexis 16238 (5th Cir. Tex., March 31, 2007)*. The Fifth Circuit has also always looked to Substance Over Form in Doctrine determining a claim. *Cefalv V. B.F. Goodrich Co., 971 F. 2d 1290 (5th Cir. 1989)*.

## IV.
## QUESTION OF FACT AND LAW
## DISCOVERING RULE

The Plaintiffs' description of the facts includes the discovery rule as it pertains to the accrual of the Statute of limitations. *Barker V. Eckman, 213 S.W. 3d 306, 311-12 (Tex. 2006); Quigley V. Bennett, 256 S.W. 3d, 356, 360 (Tex. App.- San Antonio 2008. No pet.)* For the discovery rule to apply, Plaintiffs' must prove the injury was inherently undiscoverable and objectively verifiable. *Via Net V. TIG Ins. Co; 211 S.W. 3d 310, 313 (Tex. 2006); Wagner & Brown, Ltd. V. Horwood, 58 S.W. 3d 732, 734 (Tex. 2001); S.V. V. R.V. 933 S.W. 2d 1, 4-7 (Tex. 1996); Woods V. William M. Mercer, Inc., 769 S.W. 2d 515, 518 (Tex. 1988)*.

# V.
## INHERENTLY UNDISCOVERABLE

An injury is inherently undiscoverable if it is by nature, unlikely to be discovered within the prescribed limitations period. *Via Net, 211 S.W. 3d at 313; Wagner & Brown, 58 S.W. 3d at 734-35; S.V. 933 S.W. 2d at 7; Computer Assocs. V. Alta; Inc. 918 S.W. 2d 453, 456 (Tex. 1996); Willis V. Maverick, 760 S.W. 2d 642, 645 (Tex. 1988)*. Whether an injury is inherently undiscoverable is determined categorically-that is by examining whether the particular type of injury claim is generally discovered through the exercise of reasonable diligence. *Via Net, 211 S.W. 3d at 314, Wagner & Brown, 58 S.W. 3d at 734-35; HECI Epl. Co. V. Neel, 982 S.W. 2d 881, 886 (Tex. 1998); Kerlin V. Sauceda, 263 S.W. 3d 920,926-27 (Tex. 2008); Computer Assocs. 918 S.W. 2d at 455, 457-58*. Plaintiffs' must demonstrate only that it was difficult to discover the injury; the Plaintiff does not need to prove that it was impossible. *S.V. 933 S.W. 2d at 7*.

# VI.
## INJURIES INHERENTLY UNDISCOVERABLE

It is difficult to create a list of injuries that can be characterized as inherently undiscoverable because many cases concern injuries too specific to be categorized, *Nugent V. Pilgrim's Pride Corp; 30 S.W. 3d 562, 574 (Tex. App-Texarkana 2000, Pet. Denied)* (Injuries caused by exposure to toxic pollutants blowing from D's feed Mill and overflowing from adjoining property during heavy rains were inherently undiscoverable); *Matthiessen V. Schaefer, 27 S.W. 3d 25, 31 (Tex. App-San Antonio 2000, Pet. Denied)* (Injury caused by purchase of property based on Seller's negligent misrepresentation that only a few acres of land were located in a 100 year flood plain was inherently undiscoverable.)

# VII.
## BREACH OF FIDUCIARY DUTY

Injuries arising from the breach of a fiduciary duty are considered inherently undiscoverable. *S.V., 933 at 8; Computer Assocs; 918 S.W. 2d at 456; Hass V. George, 71 S.W. 3d 904, 912 (Tex. App-Texarkana 2002, No Pet.)*. Generally a party who is owed a fiduciary duty

is relieved of the responsibility of the diligent injury into the fiduciary's conduct. *S.V. 933 S.W. 2d at 8.*

## VIII.
## OBJECTIBELY VERIFIABLE

An Injury is objectively verifiable if the injuries existence and the Defendant's wrongful act on which liability is asserted are demonstrated by direct physical evidence, *Hay V. Shell Oil Co; 986 S.W. 2d 772, 777 (Tex. App-Corpus Christi 1999, Pet, denied); Computer Assocs; 918 S.W. 2d 4575-58; S.V. 933 S.W. 2d 647, 652 Tex. App-Houston [14th Dist] 1998, pet denied)* (wrongful conduct and deprivation of property were objectively verifiable upon receipt of letter informing that certification she would receive would not carry University's seal; *Oliver V. Rogers, 976 S.W. 2d 792, 802 (Tex. App-Houston [1st Dist.] 1998, Pet denied)* ( Injury resulting from breach of contract was objectively verifiable by looking at D's contract with third party).

The discovery rule defers a cause of actions accrual until Plaintiffs know of the facts giving rise to the claim, *Barker V. Eckman 213 S.W. 3d 306. 311-12 (Tex. 2006); Quigley, 256 S.W. 3d at 360.*

When the non-movant interposes a suspension, such as the discovery rule, the movant must further negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the movant discovered the nature of the injury. *Zale Corp. V. Rosenbaum, 520 S.W. 2d 889, 891(Tex. 1975); Burns V. Thomas, 786 S.W. 2d 266, 267 (Tex. 1990); Delgado V. Burns, 656 S.W. 2d 428, 429 (Tex. 1983); Weaver V. Witt 561 S.W. 2d 792,794 (Tex. 1977); Morriss V. Enron Oil & Gas Company, 948 S.W. 858, 868 (Tex. App-San Antonio 1997).* Defendants have not further negated the discovery rule and are not entitled to Summary Judgment.

Fraudulent concealment defers an actions accrual period until Plaintiffs discover the deceitful conduct of facts giving rise to the cause of action. *Kerling V. Saiceda, 263 S.W. 3d 920, 925 (Tex. 2008); Quigley V. Bennett, 256 S.W. 3d 356, 360 (Tex. App-San Antonio 2008, No Pet).* Fraudulent concealment defers a cause of actions accrual because Defendants cannot be allowed to avoid liability for their actions by deceitfully concealing wrong doing until the

limitations period has run. *S.V. V. R.V; 933 S.W. 2d 1,6 (Tex. 1996); Quigley, 256 S.W. 3d at 360.*

## IX.
## ACTUAL KNOWLEDGE OF WRONG

For fraudulent concealment to apply Plaintiffs must prove (1) Alvarez had actual knowledge of the wrong. (2) Alvarez concealed the wrong by making misrepresentation or by remaining silent when he had a duty to speak. (3) Alvarez had a fixed purpose to conceal the wrong and (4) Plaintiffs reasonably relied on the misrepresentation and/or silence of Alvarez. *Shah V. Moss 67 S.W. 3d 836, 841 (Tex. 2001); Quigley, 256 S.W, 3d at 360-361; Hass, 71 S.W. 3d at 913; Mellon Serv. V. Touche Ross & Co., 17 S.W. 3d 432, 436 (Tex. App-Houston [1ˢᵗ Dist] 2000, No Pet.); Arabian Shield Dev. Co. V. Hunt, 808 S.W. 2d 577, 584 (Tex. App-Dallas 1991, writ denied).* Plaintiffs must establish Alvarez had actual knowledge of the wrong committed, *Earle V. Ratliff 998 S.W. 2d 882, 888 (Tex. 1999); Carrall V. Denton 157 S.W. 2d 878, 879 (Tex. 1942); overruled on other grounds, Gaddis V/ Smith, 417 S.W. 2d 577 (Tex. 1967); Hay 986 S.W. 2d at 778.*

Plaintiff's must establish Alvarez had actual knowledge of the wrong committed. *Earle V. Ratliff 998 S.W. 2d 882, 888 (Tex. 1999); Carral V. Denton, 157 S.W. 2d 878, 879 (Tex. 1942), overruled on other grounds, Gaddis V. Smith, 417 S.W. 2d 577 (Tex. 1967); Hay 986 S.W. 2d at 778.*

## X.
## ACT OF CONCEALMENT

Plaintiff's must establish Alvarez performed an act of concealment, *Doughterty V. Gifford, 826 S.W. 2d 668. 675 (Tex. App-Texarkana 1992, No writ); Chandler V. Chandler, 991 S.W. 2d 367, 394 (Tex. App-El Paso 1999, Pet denied).* The gist of fraudulent concealment is Alvarez active suppression of the truth; thus concealment is demonstrated by proof that Alvarez made a representation or remained silent when he had a duty to speak. *Hay, 986 S.W. 2d at 778; Santanna Nat. Gas Corp. V. Hamonoper Co., 954 S.W. 2d 885, 890 (Tex. App-Austin 1997, Pet denied).*

# XI.
## MISREPRESENTATION

A misrepresentation constitutes fraudulent concealment when it prevented Plaintiffs from discovering Alvarez's wrong. *Kanon V. Methdoist Hosp., 9 S.W. 3d 365, 369 (Tex. App-Houston [14th Dist.] 1999, No Pet.),* disapproved on other grounds; *Ernst & Young, L.L.P. V. Pacific Mut. Life Ins. Co., 51 S.W. 3d 573 (Tex. 2001); Santanna Nat. Gas 954 S.W. 2d at 890-91; Cherry V. Victoria Equip. & Sup., 645 S.W. 2d 781, 782 (Tex. 1983)* (In deposition taken before limitations ran, owner of business made repeated assertions that his business had not been involved with oil well that injured P). The representation must have been intended to influence Plaintiffs. *Ernst & Young, L.L.P. V. Pacific Mut. Life Ins. Co., 51 S.W. 3d 573, 578 (Tex. 2001); Texas Capital Secs., Inc. V. Sandefer, 58 S.W. 3d 760, 772 (Tex. App-Houston [1st Dist.] 2001, Pet denied.*

# XII.
## PURPOSEFUL CONCEALMENT

To prove fraudulent concealment, the Plaintiffs must establish that Alvarez had a fixed purpose to conceal the facts from Plaintiffs needed to discover that a cause of action had occurred. *Di Grazia, 900 S.W. 2d at 503.* There must be evidence that Alvarez purposefully or intentionally concealed facts. *Di Grazia, 900 S.W. 2d at 503.* Purposeful concealment can be established by direct or circumstantial evidence showing that Alvarez knew the statements were false when they were made. *Earle, 998 S.W. 2d at 888-89.*

The Summary Judgments did not and cannot question fact, questions of law and the various elements of Plaintiffs claims including but not limited to:

    i)     the discovery rule;
          a)  inherently undiscoverable injury
          b)  fiduciary duty of Jesus Maria Alvarez;
          c)  breach of Alvarez's fiduciary duty to Plaintiffs;
          d)  the injury was objectively verifiable
    ii)    the substance over form doctrine;
    iii)   Alvarez's fraudulent concealment in obtaining the deed.

a) the defendant had actual knowledge of the wrong committed

b) the defendant performed the act of concealment

c) a misrepresentation constitutes fraudulent concealment by Alvarez

d) Alvarez had a fixed purpose to conceal the facts from Plaintiffs needed to discover that a cause of action accrued;

e) Plaintiffs reasonably relied on Alvarez's misrepresentation and silence to their detriment.

The Second Motion for Summary Judgment prevented Plaintiffs from being able to introduce evidence and testimony to prove all of the necessary elements of their causes of action, therefore, the Second Motion for Summary Judgment cannot claim that there are no questions of fact or law. Plaintiffs will only be able to introduce their evidence and testimony at trial. Defendants are trying to prevent such evidence and testimony by seeking inappropriate Second Motion for Summary Judgment.

## XIII.
## CONSLUSION

The property belongs to Susie Alanis, Sergio Alanis, Jr., and Alonzo Alanis and not to Jesus Maria Alvarez and/or Ana Lisa Garza.

## PRAYER

For these reasons, Plaintiffs' ask this Honorable Court to deny Defendant/Intervenor's Second Motion for Summary Judgment. If this Honorable Court grants Intervenor's Second Motion for Summary Judgment, Plaintiffs' ask the court to overrule Plaintiffs' objections so they will be presented for Appeal.

Respectfully Submitted,

By: _____
Sergio Alanis, Sr. Pro Se
Reg. No. 79825-079 Dorm #3
Mid Valley House
2520 S. Expressway 281
Edinburg, TX. 78542

Susie Alanis
P.O. Box 2601
Roma, Texas 78584

Maria Guadalupe Alanis
P.O. Box 2601
Roma, Texas 78584

Sergio Alanis, Jr.
P.O. Box 2601
Roma, Texas 78584

Alonzo Alanis
P.O. Box 2601
Roma, Texas 78584

## CERTIFICATE OF SERVICE

On the date listed below, the undersigned deposited a copy of this Plaintiffs' Response to Intervenor's Second Motion for Summary Judgment postage prepaid, in the mail addressed to:

July 08, 2015

**Oxford & Gonzalez**
**124 S. 12th Ave.**
**Edinburg, TX. 78539**

**Jesus Maria Alvarez**
**501 N. Britton Ave**
**Rio Grande City, TX. 78582**

Sergio Alanis, Sr. Pro Se
Reg. No. 79825-079 Dorm #3
Mid Valley House
2520 S. Expressway 281
Edinburg, TX 78542

## <u>DOCUMENT DESCRIPTION</u>              **#of pages**

01       Exhibit "A"- Preliminary/ Examination and Detention Hearing..................................... 03

02       Exhibit "B"-Attorney-Client Contract of Employment for Criminal Matters.................... 04

03       Exhibit "C"-Power of Attorney ..................................................................................... 02

04       Exhibit "D"-Starr County Tax Collection Account Status............................................02

05       Exhibit "E"-Deed of Gift, Starr County Official Record #200841................................03

06       Exhibit "F"-Starr County Appraisal District-Additional Information of Warranty Deeds (Dated 08/24/99)............................................................................................................01

07       Exhibit "G" - Warranty Deed, Starr County Official Record #195297............................03

08       Exhibit "H" - U.S. District Court, Eastern District of Texas, case No. 5:00cv177; Final Judgement..................................................................................................................01

09       Exhibit "I" - Motion for Recovery of Damages and Claim of Fraud..............................02

10       Exhibit "J" - Plaintiffs Permissive Joinder of Parties...................................................06

11       Exhibit "K" - Affidavit of Sergio Alanis, Sr. ...............................................................02

12       Exhibit "L" - Citation by Personal Service....................................................................02

13       Exhibit "M" - Final Judgement from Lower Court.........................................................02

14       Exhibit "N"-Appellee/Intervenor, Ana Lisa Garza as response to appellants opening brief...14

15       Exhibit "O" – Fourth Court of Appeal Memorandum Opinion........................................05



FILED
AT 1:26 O'CLOCK P M

SEP 15 2015

ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY: _____ DEPUTY

SERGIO ALANIS., SR.
402 N. Garcia St.
Rio Grande City, Texas 78582

September 14, 2015

Honorable Federico G. Hinojosa
381st District Court
Starr County Courthouse
401 N. Britton Avenue
Rio Grande City, Texas 78582

RE: Sergio Alanis, Sr., et. al vs. Jesus Maria Alvarez et. al. Ana Lisa Garza Intervenor, No. DC-00-328. In the 381st District Court, Starr County, Texas. Hon. Federico G. Hinojosa, Presiding.

Dear Judge Hinojosa:

First, This correspondence is not intended as an ex parte communication with the court, as that would be improper and unethical. I am forwarding a copy of this correspondence to opposing counsels as indicated below.

Second, The message to be derived from this correspondence is quite simple. On July 23, 2012, This Honorable Court granted Mr. Alvarez and Intervenor's Ana Lisa Garza Motion For Summary Judgment. On October 19, 2013, The Fourth Court of Appeals Reversed and Remanded the cause to the trial court.

On April 22, 2015 Intervenor filed a Second Motion for Summary Judgment.

On May 08, 2015 this court Order Setting Submission date for Intervenors Second Motion for Summary Judgment on June 22, 2015 at 2:56P.M.

On June 05, 2015 the Plaintiff's filed their Motion to extend time.

On June 19, 2015 This Court Granted Plaintiff's Motion and set this case for Submission On July 22, 2015 at 9:00A.M.

On July 09,2015 The Plaintiff's filed their Response to Intervenor's Second Motion for Summary Judgment. In their response the Plaintiff's asked this court to dismiss Intervenor's Second Motion for Summary Judgment, because The Intervenor filed the same Motion again the same arguments and case law. The Court of Appeals has already ruled on this Motion. I am asking this Honorable Court to dismiss Intervenor's Motion so we can proceed to trial. If this Honorable Court does not rule on this case. I have no other alternative but to go to the Court of Appeals with a mandamus petition seeking an order directing the court to act so this case can proceed to trial. I do not want to do this, However I will, if necessary.

**EXHIBIT**

**"E"**

Thanking you in advance for your attention to these matters, and I remain.

Sincerely,

Sergio Alanis, Sr.
Plaintiff Pro Se
& Lead Counsel for Plaintiff's

ENCLOSURES

cc:     File

Office of the District Clerk
381st District Court
STARR COUNTY COURTHOUSE
401 N. Britton Avenue
Rio Grande City, Texas 78582

Jesus Maria Alvarez
Alvarez & Associates
501 N. Britton Avenue
Rio Grande City, Texas 78582

Oxford & Gonzalez
124 S. 12th Ave.
Edinburg, Texas 78539

SA/jl

Filed: 10/21/2015 2:16:00 PM
Eloy R. Garcia, District Clerk
Starr County, Texas
Angelica Reyes

CAUSE NO. DC-00-328

| | | |
|---|---|---|
| SERGIO ALANIS, SR., **Plaintiff** | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | |
| JESUS MARIA ALVAREZ AND ALVAREZ & ASSOCIATES, **Defendants** | § § § § § | STARR COUNTY, TEXAS |
| ANA LISA GARZA, **Intervenor** | § § § | 381ST JUDICIAL DISTRICT |

## INTERLOCUTORY ORDER GRANTING INTERVENOR'S SECOND MOTION FOR SUMMARY JUDGMENT

On July 22, 2015, the Second Motion for Summary Judgment of Intervenor, Ana Lisa Garza, was submitted to the Court for consideration. After reviewing the motion for summary judgment, Plaintiff's response to the motion, and all submitted evidence, the Court finds that Intervenor's Second Motion for Summary Judgment is meritorious and should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Intervenor's Second Motion for Summary Judgment be and is hereby GRANTED.

The Clerk of the Court is ORDERED to send copies of this Interlocutory order to all parties and attorneys of record.

SIGNED on October 21, 2015.

FEDERICO G. HINOJOSA
Senior Judge, Presiding by Assignment

**EXHIBIT "F"**